(Del. Rev. 11/14) Pro Se General Complaint Form

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

MARK J. SHOTWELL

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

[* SEE ATTACHED]

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section I. Do not include addresses here.)_

Civ. Action No. 18 - 984
(To be assigned by Clerk's Office)

**COMPLAINT**
(Pro Se)

Jury Demand?
☒ Yes
☐ No

FILED
2018 JUL -2 AM 9:36
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

If this is an employment discrimination claim or social security claim, please use a different form.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Mark J. Shotwell ]
]
V. ]
]
]
]
Captain Jason Sapp (DSP – Troop 2); ]
] Civil Action #  18-984
Captain Pete Sawyer (DSP – Troop 2); ]
]
Det. Gatti #602 (DSP – Troop 2); ]
]
Sgt. Christopher Martin (DSP – Troop 2); ]
]
Sgt. Matthew Taylor #945 (DSP – Troop 2); ]
]
Unnamed Officers who participated in the search ]
of Plaintiff's residence and/or electronics. ]

Dated: July 02, 2018

Pro Se Plaintiff,
Mark J. Shotwell
11 W. Main St.
Newark, DE 19702

(Del. Rev. 11/14) Pro Se General Complaint Form

## I. PARTIES IN THIS COMPLAINT

**Plaintiff**

*List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

Plaintiff: __SHOTWELL, MARK, J.__
Name (Last, First, MI)

__11 W. MAIN ST.__
Street Address

__NEW CASTLE COUNTY, NEWARK DE 19702__
County, City      State      Zip Code

__(302) 981-5479__     __MARKJSHOTWELL@YAHOO.COM__
Telephone Number      E-mail Address (if available)

**Defendant(s)**

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __[ ★ SEE ATTACHED ]__
Name (Last, First)

____
Street Address

____
County, City      State      Zip Code

Defendant 2: ____
Name (Last, First)

____
Street Address

____
County, City      State      Zip Code

Page **2** of 8

## I. PARTIES IN THIS COMPLAINT

**DEFENDANT(S):**

1. Captain Jason Sapp (DSP – Troop 2)

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

2. Captain Pete Sawyer (DSP – Troop 2)

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

3. Det. Gatti #602 (DSP – Troop 2)

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

4. Sgt. Christopher Martin (DSP – Troop 2)

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

5. Sgt. Matthew Taylor #945 (DSP – Troop 2)

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

6. Unnamed Officers who participated in the search of Plaintiff's residence and/or electronics.

    Delaware State Police Troop 2
    100 Lagrange Ave.
    New Castle County, Newark, DE 19702

(Del. Rev. 11/14) Pro Se General Complaint Form

**Defendant(s) Continued**

Defendant 3: _____
Name (Last, First)

_____
Street Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4: _____
Name (Last, First)

_____
Street Address

| County, City | State | Zip Code |
|---|---|---|

## II. BASIS FOR JURISDICTION

*Check the option that best describes the basis for jurisdiction in your case:*

☐ **U.S. Government Defendant:** United States or a federal official or agency is a defendant.

☐ **Diversity of Citizenship:** A matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000.

☒ **Federal Question:** Claim arises under the Constitution, laws or treaties of the United States.

If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

FIRST AMENDMENT CONSTITUTIONAL RIGHTS
FOURTH AMENDMENT CONSTITUTIONAL RIGHTS

Page **3** of **8**

(Del. Rev. 11/14) Pro Se General Complaint Form

### III. VENUE

*This court can hear cases arising out of the Counties of New Castle, Kent, and Sussex in the State of Delaware.*

*Under 28 U.S.C § 1391, this is the right court to file your lawsuit if: (1) All defendants live in this state AND at least one of the defendants lives in this district; OR (2) A substantial part of the events you are suing about happened in this district; OR (3) A substantial part of the property that you are suing about is located in this district; OR (4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.*

Venue is appropriate in this Court because:

(2) A SUBSTANTIAL PART OF THE EVENTS I AM SUING ABOUT HAPPENED IN THIS DISTRICT

### IV. STATEMENT OF CLAIM

Place(s) of occurrence: DELAWARE

Date(s) of occurrence: VARIOUS DATES - (SEARCH OF HOME OCCURRED ON 7/3/2016, SEARCH OF ELECTRONICS DATED 7/12/2016)

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.*

**FACTS:**

What happened to you?

[* SEE ATTACHED]

## IV. STATEMENT OF CLAIMS

**FACTS:**

On July 3rd, 2016 I was accosted by a large presence of undercover and uniformed police officers brandishing pistols and assault rifles, while exiting my house. Completely unaware of what and why this was occurring, I instantaneously complied with the orders being shouted at me by a man pointing an AR-15 rifle at me with a ski mask over his face.  Several other officers quickly grabbed me and placed me in handcuffs with my arms behind my back.  Within moments, the entire street and the parking lot across from my home was completely filled with police vehicles, as even more marked vehicles continued to slowly pass by the front of my house and through my neighborhood.  It was a very surreal experience.  I was being paraded back and forth with smiling officers while handcuffed for the growing number of spectators from my community that watched in shock.

Although fully aware that numerous law enforcement officers/agencies were unhappy with my advocacy for cellular phone privacy rights, the outrageous police conduct leading to this suit should have never occurred and I wish to exercise my legal right to seek relief for the claims of this suit.  I fully intend to show the court that my claims are non-frivolous and how the defendants clearly abused their powers as law enforcement officers in an attempt to subject me to unwarranted emotional and legal harm purely motivated by retaliatory reasons.  Not only was I publicly humiliated before the community in which I live and have owned a home for over 10yrs, but I was also taunted and shoved around by one the defendants (Sgt. Christopher Martin) who was allowed to

be involved in my transport as I became his 'trophy kill'. Upon my release I came home to find my house and personal effects completely ransacked, and that all of my personal electronics had been seized. My desktop computers, laptop, old cellular phones, digital storage devices, thumb drives, etc, etc. had all been taken in this undeniably over-the-top and highly unnecessary raid. A short time later while going through the legal process for the charge(s) against me, my legal counsel provided me with a copy of my legal discovery which only confirmed my suspicions that the officers had unjustly performed highly invasive searches on all of my personal electronics and completely violated any and all of my personal privacy rights.

The claims I'm pursuing in this action are for the violation of my First and Fourth Amendment Rights which are granted to me a U.S. citizen and protected by the U.S. Constitution.

**I am asserting claims that my First Amendment Rights were violated for the following reasons:**

Firstly, I was arrested for allegedly posting "terroristic threats" against a public official on my personal social media account, in which legally, no terrorist threat was ever made or could be established. Furthermore, the subject of this admittedly tasteless post was not a person in which I was 'friends with' and in no way was 'tagged' or set to be notified of

the post. I will argue that since the post did not violate any law, nor did it infringe on the rights of anyone else, it should therefore be protected by my First Amendment Rights.

I'm contending that these rights were further violated when one of the Defendants (the investigating officer- Sgt. Matthew Taylor) used other content that was displayed on my social media account, to maliciously and unjustifiably compel a judge/magistrate to believe that I was unlawfully in possession of various firearms, suppressors, swords, and deadly weapons.

Although at this particular time I was involved in an active pfa order and was legally prevented from possessing firearms at that particular time, there was absolutely no suggestion from any of my social media content that I was in any violation of this pfa order nor that I was in possession of any firearms or deadly weapons. I use the term "maliciously and unjustifiably" to describe the actions of this officer because he intentionally used clearly marked posts in which I had only 'shared' or 'liked' from other's pages to disillusion a judge/magistrate to grant him a search warrant for my property and personal effects. This becomes even more concerning when you consider the fact that this same exact police station was already in possession of the only two firearms in which I owned- (two handguns which were both legally registered to me in Delaware), and this particular officer was already fully aware of this.

I don't take this argument lightly for very good reason. I myself am NOT a convicted felon and do take great pride in my Second Amendment Rights. I support lawful firearm ownership and have always remained compliant of firearm laws and regulations. The

fact of the matter is whether an individual is lawfully permitted to own a firearm or not, DOES NOT impede on that individual's rights to 'like', 'share', and otherwise display their own personal opinions or beliefs on their own social media account to their 'friends' about firearms. I could sympathize had this been a situation where a prohibited individual was posting pictures of themselves brandishing firearms or even being in pictures with others who were, but that's not what happened. I simply shared and 'liked' images and videos <u>that were clearly identified as belonging to others</u>, such as reputable firearm manufactures like Remington, Kimber, and Glock.

There was absolutely no reason that any rational person would conceive that any of the images, posts, etc. that were on my social media account would lead them to believe that I was violating any firearm-related law, or [in] "Criminal Contempt of a Domestic Violence Protective Order".

The reality is even the state was astonished to see the screen-shots of what was produced to support Sgt. Matthew Taylor's sworn-to, probable cause affidavit. Not a single screen-shot could be argued to hold any degree of merit in his favor. Having now dealt with Sgt. Matthew Taylor personally and after seeing videos of his conduct being circulated on YouTube and various social media sites, I think it's overly apparent that he thinks his badge and gun give him the authority to be above the law. I strongly suggest otherwise. Even in the interrogation video taken after my arrest, Sgt. Matthew Taylor is seen carelessly laughing at me when I'm complaining about the conduct of Sgt. Christopher Martin and how I still had clearly visible ligature marks on my wrist even several hours

after the handcuff were removed from me. Sadly, he thought Sgt. Christopher Martin giving me a "tune-up" was comical to him.

**I am asserting claims that my Fourth Amendment Rights were violated for the following reasons:**

The officers involved in the raid and search of my residence clearly chose to disregard my rights to an unreasonable search and seizure and relied on "general warrants" which were overly broad in scope and unjustly used to 'blanket' my entire digital universe. These warrants essentially had no limitations to the massive amount of personal data contained within my electronics and digital storage devices. The officers also conducted an unauthorized search on a locked gun safe which was not included on any of the search warrants. Although this safe contained no firearms or deadly weapons, the safe was being used to secure numerous cellular phones, a laptop computer, and numerous flash drives and digital storage devices. Ironically, these cellular phones were the very same devices that were the focus of an unrelated civil action that was filed with this Court just weeks prior to this raid taking place (Civ. Action No. 16-441-RGA) and were simply being safe guarded for evidentiary purposes. And although these devices had not been in service or used for quite some time, the officers were fully aware that they still contained massive amounts of personal data and the officers fully exploited that by performing overly-invasive searches of all my computers, cellular phones, and media storage devices.

To help the Court better understand just how outrageous and unreasonable the search of these electronics was, I'll offer the testimony of the State's Public Defender who represented me in the criminal charges, Kathryn Van Amerongen, stated in Court at the Plea Hearing on May 03, 2017.

> "I would say that, as a criminal justice practitioner for the past 25 years, and maybe it's just my experience, I think when I hear the words "suppression" or "search" I think, in a lot of ways, I become desensitized to that and all that that entails because that is the normal vernacular of our profession. And Mr. Shotwell has sensitized me to what that actually means when officers do go into your home and they do sort of tear everything apart. And I don't mean in a way that is not necessary in order to locate what they are looking for, but particularly when they take a bunch of computers and a bunch of phones and go through, literally, every file which, if it were printed out, would fill this entire floor.
>
> And you know when your own IT person says don't scan that and put that into our system because you will actually break our system if you do that, that there is a voluminous amount of material. And that is what happened here."

Now obviously I can't personally attest to the exact volume this massive amount of data would have if actually printed out, and logically I have no knowledge of the Public Defender's Office's IT or computer systems, but I will say that everyone was in agreement that there was nothing incriminating found. The officers performed the most invasive and unreasonable searches of my home, personal effects, and electronic devices, unjustly and without warrant. The investigating officer(s) lacked the necessary Probable Cause that should have been legally required to obtain a proper warrant. *[U.S. v. Griffith,*

*867 F.3d (DC Cir. 2017)]*. Instead, Sgt. Mathew Taylor chose to intentionally disillusion a judge/magistrate with misleading information he swore to, and was provided a "general warrant" which was then used without limitation.

I am prepared to show the Court how the defendants' actions, and the lack of action by others, make them legally liable for the claims I plan to fully articulate in this suit. I will also show the Court how the defendants deliberately calculated their actions without any regard to my protected rights and were in absolute violation of the First and Fourth Amendment Rights granted to me as a citizen, and protected by the U.S. Constitution. All of my claims can be fully supported with court documents, including search warrants, photographs taken by officers during the search of my residence, and digital copies of the limitless searches that were performed on all the personal electronics (computers, cellular phones, media storage devices, etc). Therefore I am kindly asking the Court to allow me to exercise my legal right to pursue my claims in this suit.

(Del. Rev. 11/14) Pro Se General Complaint Form

## V. INJURIES

*If you sustained injuries related to the events alleged above, describe them here.*

EMOTIONAL DISTRESS, DAMAGE TO PERSONAL CHARACTER, GROSS VIOLATION OF PERSONAL PRIVACY, FINANCIAL DAMAGES (INCLUDES COSTS FOR REPLACING ELECTRONICS), AND DEPRIVATION OF RIGHTS.

## VI. RELIEF

The relief I want the court to order is:

- [x] Money damages in the amount of: $ TO BE DETERMINED AT TRIAL
- [x] Other (explain):

COMPLETE DESTRUCTION AND PERMANENT REMOVAL OF ALL 'DATA' THAT WAS OBTAINED DURING THE SEARCH OF MY PERSONAL ELECTRONICS AND MEDIA STORAGE DEVICES. THIS INCLUDES ALL PHYSICAL STORAGE, CLOUD STORAGE, AND ASSOCIATED DATABASES THIS 'DATA' CAN BE FOUND IN AND UTILIZED BY THE STATE.

(Del. Rev. 11/14) Pro Se General Complaint Form

## VII. CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

__07/02/2018__
Dated

__M.J. SHOTWELL__ (signed)
Plaintiff's Signature

__SHOTWELL, MARK J.__
Printed Name (Last, First, MI)

__11 W. MAIN ST.__   __NEWARK__   __DE__   __19702__
Address                City            State  Zip Code

__(302) 981-5479__
Telephone Number

__MARKJSHOTWELL@YAHOO.COM__
E-mail Address (if available)

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**

Page **8** of **8**