## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Mark J. Shotwell,                                    :
             Plaintiff,                  :
                               :
      v.                                    :     Civil Action No. 18-984-RGA
                               :
Captain Jason Sapp,                                  :
Captain Pete Sawyer,                                 :
Det. Gatti,                                          :
Sgt. Christopher Martin,                             :
Sgt. Matthew Taylor,                                 :
Unnamed Officers who participated in the            :
search of Plaintiff's residence and/or electronics: :
              Defendants.                 :

### DEFENDANTS SAPP, SAWYER, GATTI, MARTIN, AND TAYLOR'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

## I. NATURE AND STAGE OF PROCEEDINGS

1.   On August 6, 2018, plaintiff Mark Shotwell filed this civil action by complaint against named defendants Captain Jason Sapp, Captain Pete Sawyer, Detective Gatti, Sergeant Christopher Martin, and Sergeant Matthew Taylor, all of the Delaware State Police.  [D.I. 1].  Plaintiff also named unnamed officers who participated in the search of the plaintiff's residence.

## II. STATEMENT OF THE FACTS

2.   In the "FACTS" section of the Complaint, Plaintiff alleges that on July 3, 2016, he was "accosted" by a large number of unnamed undercover and uniformed

police officers who are armed.[1]   Plaintiff alleges that an unnamed officer pointed an AR-15 rifle at him.  Other officers grabbed him and handcuffed him behind his back.

3.  In the Second Paragraph of the "FACTS" section, Plaintiff alleges that he was an advocate for cell phone privacy rights and that the police action was in retaliation for plaintiff's actions.  Plaintiff alleges that he was publicly humiliated by the search.  Plaintiff further vaguely alleges that one of the named defendants Sergeant Christopher Martin was allowed to transport plaintiff.

4.  Plaintiff alleges that, when he returned to his house, he observed that his house had been ransacked and all of his personal electronics had been seized. Plaintiff alleges that "a short time later" he received copies of the legal discovery and confirmed that his personal privacy rights had been violated.

5.  Plaintiff further alleges that he was arrested for posting "terroristic threats" against a public official.  Plaintiff alleges that Sergeant Matthew Taylor improperly obtained an arrest warrant on this charge.  Plaintiff also appears to allege that Sergeant Taylor laughed at him during plaintiff's complaint about injuries from the handcuffs placed by Sergeant Christopher Martin.

6.  Plaintiff alleges claims under the Fourth Amendment based on a claim that his house was searched with a "general warrant."  It is unclear if there is a

---

[1]. The Plaintiff's Complaint does not contain page numbers. References will be made to the unnumbered paragraphs in the particular Sections of the Complaint.

claim for illegal arrest, and possibly a claim for improper force based on the use of the handcuffs.

7.  **STANDARD FOR MOTION TO DISMISS.**  All of the Named Defendants in this action move for dismissal of this case pursuant to FED. R. CIV. P. 12(b)(6).  The Named Defendants seek dismissal on a number of grounds. The Court will grant relief under Rule 12(b)(6) when "it is clear that relief could not be granted under 'any set of facts that could be proven consistent with the allegations." *Brookhart v. Rohr*, 2010 WL146479, at *1 (M. D. Pa. 2010) (quoting *Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 195 (3d Cir. 2000)).

8.  **STATUTE OF LIMITATIONS**.  Plaintiff's complaint, construed liberally, appears to set forth a claim for illegal arrest, illegal use of force in the application of handcuffs, and illegal use of a general warrant to search his residence.  According to the Complaint, all of these events occurred on or about July 3, 2016.  Plaintiff's complaint was filed with the Court on August 6, 2018. Plaintiff's claims against all of the Named Defendants and for that matter, even the claims against the Unnamed Officers as well, are time-barred.  This Court has ruled that:

> Section 1983 claims are characterized as personal injury claims, and district courts must apply the state statute of limitations for personal injury claims.  For Section 1983 claims arising in Delaware, a two-year statute of limitations period found in 10 *Del. C.* §8119 is applicable.  In determining when a Section 1983 claim accrues for statute of limitations purposes, federal law governs.  Under federal

law, a Section 1983 claim accrues "when a plaintiff knows or has
reason to know of the injury that forms the basis of his or her cause of
action."

*Gibbs v. Decker*s, 234 F. Supp. 2d 458, 461 (D. Del. 2002) (internal citations
omitted).

9.  Plaintiff's claims certainly accrued on the date of the search of his house

on July 3, 2016, as did his claims of illegal arrest and improper use of force. His

complaint filed in this Court on August 6, 2018 is well outside the two-year

window for the statute of limitations for these Section 1983 claims and these

claims should be dismissed as untimely. *See Gibbs*, 234 F. Supp. 2d at 461

(plaintiff claiming improper prosecution knew or should have known of any

claimed injuries on the date that his rape charges were dismissed).

10.  **LACK OF PERSONAL INVOLVEMENT**. Plaintiff's complaint is

also legally defective as to defendants Captain Jason Sapp, Captain Pete Sawyer,

and Detective Gatti. Other than being listed in the heading of the Complaint, these

individual defendants are not even named in the body of the Complaint. Plaintiff

has failed to allege any type of claim against these three defendants and they

should be dismissed from the case.

11.  The Third Circuit has held that:

A defendant in a civil rights action must have personal involvement in
the alleged wrongs; liability cannot be predicated solely on the
operation of *respondeat superior*. Personal involvement can be
shown through allegations of personal direction or of actual
knowledge and acquiescence. Allegations of participation or actual

4

knowledge and acquiescence, however, must be made with appropriate particularity.

*Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)(internal citations omitted).  *See also Blizzard v. Commander, Delaware State Police Troop Nine*, 725 F. Supp. 2d 469, 473 (D. Del. 2010).

12.  Plaintiff has failed to make any allegations regarding any involvement about Detective Gatti.  He appears to be suing Captain Sapp and Captain Sawyer in their capacities as the Captains in charge of Delaware State Police Troop 2, at least that is the inference from the caption.  However, there are no substantive allegations against any of these defendants and the Court is not required to read in to the Complaint a claim that is not articulated.  Defendants Gatti, Sapp, and Sawyer should all be dismissed for failure to state a claim.

13.  **WRONGFUL ARREST CLAIM**.  Plaintiff alleges that he was improperly arrested on the charge of "terroristic threats" against a public official.  Plaintiff appears to direct this charge against Sergeant Matthew Taylor.

14.  While this is a Motion to Dismiss, since plaintiff has challenged his arrest, defendants are permitted to submit to the Court an actual copy of the arrest warrant.  Plaintiff's arrest warrant is attached, *see* Exhibit #1-Declaration of Sergeant Matthew Taylor, exhibit B.  Plaintiff was arrested for violating 11 *Del. C.* § 1240, Terroristic Threating.  As set out over several weeks in 2016, plaintiff made several serious threats directed at Delaware State Police Detective Geoffrey

Biddle and his family.   In a conversation on June 28, 2016 relating to an investigation, plaintiff told Detective Biddle, "I don't give a f*** who you think you are, I will tell you my rights and you are barking up the wrong tree....And quit being a little pussy because I know you are a little bitch....How about you get on your knees, and I will put my dick in your mouth and you can go fuck yourself." Arrest Warrant, paragraph 4.

15.   In a July 3, 2016 Facebook posting, plaintiff posted a picture of Shotwell and stated:

> Det. Jeffrey E. Biddle of DSP Troop #2, I'm coming for you you little b*tch-and your family, loved-ones, etc...lets see how you like it you little p*ssy!!:)  #Kfreshstyle PS, I already know ALL about you too, you little f*ckface, guess it's time you see how I really get down... hope u had fun talkin all ur sh*t now its time I work my magic... no turning back now:) #uDirtypig_now_urFUCKED:).

Arrest Warrant, paragraph 5.

16.   Plaintiff makes a vague claim in the Complaint that he was arrested on the charge of Terroristic Threatening in retaliation for his advocacy for cell phone privacy rights.   There are simply no facts alleged in the Complaint to support this statement and legal conclusion.   The Court is not required to accept legal conclusions, even at the motion to dismiss stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

17. Plaintiff's claim is also barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (claim under § 1983 that bears relationship to a conviction or a sentence that has not been invalidated is not cognizable). The attached criminal docket attached as Exhibit #2 shows that plaintiff entered a *no contest* plea to the charge of Disorderly Conduct, in lieu of entering a plea to the original charge. The Disorderly Conduct charge stated that "Mark Shotwell, on or about the 28rd day of June, 2016, in the County of New Castle, State of Delaware, did intentionally cause public inconvenience or annoyance [to] Geoffrey Biddle by engaging in tumultuous behavior." This is the conduct outlined in Paragraph 4 of the Arrest Warrant (Exhibit #1-Taylor Declaration). This is a criminal conviction for the complained of conduct for which the plaintiff is now claiming he was completely innocent. Plaintiff is legally barred from making this argument as he was convicted of a criminal charge that arose from the underlying conduct for which he was arrested. The Disorderly Conduct charge arose from the same conduct that formed the basis of the Terroristic Threatening charge and this claim of improper arrest is barred under the *Heck* doctrine. *See White v. Brown*, 408 F. App'x 595 (3d Cir.2010) (plaintiff could not bring a section 1983 claim for his arrest and prosecution on a firearms charge for which he pled guilty) (citing *Heck*, 512 U.S. at 486-87); *McDerby v. Daniels*, 2010 WL 2403033, at *4-5 (D. Del. 2010)

(plaintiff's *no contest* plea to unlawful computer use barred section 1983 claim alleging fair trial and conspiracy claims).

18.   Alternatively, plaintiff's claim of improper arrest is baseless as he was arrested pursuant to a valid arrest warrant filed by the Delaware State Police with a neutral magistrate.   Plaintiff's verbal threat to Detective Biddle as set forth in paragraph 4 and 5 of the Arrest Warrant sufficiently sets forth the elements of the crimes of Terroristic Threatening, 11 *Del. C.* § 1240, Harassment, 11 *Del. C.* § 1311, and Disorderly Conduct, 11 *Del. C.* § 1301. *See Andrews v. State*, 930 A.2d 846, 853 (Del. 2007) crime of terroristic threatening requires a threat, to commit a crime, likely to result in death or serious injury to person or property); *State v. DeJesus-Martinez*, 2014 WL 7671040, at *6 (Del. Ct. Com. Pl. 2014) (crime of harassment established by threatening statements made by one relative on Facebook which were directed to other family member).   The fact that the Arrest Warrant contains probable cause for any crime defeats any claim for false arrest. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) ("As long as the officers had some reasonable basis to believe Mr. Barna had committed a crime, the arrest is justified as being based on probable cause.   Probable cause need only exist as to any offense that could be charged under the circumstances.").

19. **ILLEGAL SEARCH CLAIM.**   Plaintiff makes a Fourth Amendment illegal search claim against Sergeant Taylor based on the execution of the search

warrant at his residence on July 3, 2016. A copy of the search warrant is attached as Exhibit A to the Taylor Declaration. Plaintiff's claim is that the search warrant was a general warrant. His claim appears to be based on the amount of evidence seized by the police in the execution of the search.

20. The DSP obtained a valid search warrant signed by a neutral and detached magistrate. There is a presumption that the search warrant is valid. The DSP sought evidence of violations of the crime of Terroristic Threatening of Public Officials or Public Servants, in violation of 11 *Del. C.* § 1240, and Criminal Contempt of a Domestic Violence Protective Order, in violation of 11 *Del. C.* § 1271. The violation of Terroristic Threatening set forth in the Search Warrant mirrored the charge eventually filed in the Arrest Warrant. The Criminal Contempt charge was based on the assertion that plaintiff was then subject to a Protection From Abuse Order and barred from possession of firearms. The DSP review of plaintiff's Facebook page contained photos of him with automatic handguns.

21. The Search Warrant, which contains two separate applications, contained specific items to be searched for. With regard to the Criminal Contempt charge, the DSP requested in the search warrant to search for:

> Any handguns, firearms, ammunition, shot guns or shotgun ammunition, any and all assult style rifles or replicas of same, specifically but not limited to any type of AR-14 rifle, AR-15 rifle, M-14 rifle or any assault style ammunition, any suppressors, homemande

or bought or any replicas of said suppressors.  Black, gray, or dark colored handgun(s) or replica gun, black and/or silver revolver handgun or replica guns.  Any and all knives, swords or similar style edged weapons or anything similar that could be used as a deadly weapon.  Any and all photos depicting any of these aforementioned items.

22.  The Search Warrant also contained a specific list of items to search for:

Any and all electronic devices to include but not limited to computers, laptop computers, notebooks, tablets, iPads, smart TVs, hard drives and cellular phones.  Any and all media devices, to include but not limited, to thumb drives, memory sticks, cd's, dvd's, external storage devices, hard drives and other devices used to save or record data related to internet searches and internet postings.  Any and all documents to include, but not limited to, photographic images, video images, printouts from Facebook or other social media venues.  Any and all photos depicting any of these aforementioned items.

23.  In the Search Warrant Application and Affidavit Probable Cause

Sheet, Sergeant Taylor noted:

7.  Through training and experience, your Affiant is aware that individuals use various electronic devices to include the times in the "Items To Be Searched For And Seized" in this search warrant for purposes of conducting internet searches for such purposes as locating individuals as well as to obtain names and other identifying information including photographs of family members as well as to post messages to be viewed on the internet.  In addition, your Affiant is aware that individuals use media storage devices to save such internet searches as well as information obtained from these searches and to save or record internet postings.

24.  Plaintiff's claim that this search warrant was a general warrant is

without merit.  A general warrant violates the Fourth Amendment because it

"essentially authorize(s) 'a general exploratory rummaging in a person's

belonging." *United States v. Yusuf*, 461 F.3d 374, 393 (3d Cir. 2006).   A valid warrant must "specify with particularity the place to be searched and the things to be seized ...to the end that unauthorized invasions of the sanctity of a man's home and the privacies of life be prevented." *Anderson v. Maryland*, 427 U.S. 463, 492 (1976).   In *Anderson*, the Supreme Court rejected an argument that a search warrant that contained the language to seize "other fruits, instrumentalities and evidence of crime at this (time) unknown" was a general warrant.   The Court ruled that the language of the warrant was read in context and limited by the crimes identified in the warrant and the list of specific items to be seized.   *Id.* at 480-81.

25.   The Third Circuit rejected a similar argument in *United States v. Ballard*, 551 Fed. Appx. 33, 35 (3d Cir. 2014).   In *Ballard*, the search warrant contained language that permitted the seizure of "any other items of evidentiary value."   The Third Circuit did not find that this language converted the search warrant into a general warrant.   Instead, the language was limited by the affidavit and read in context of the entire warrant.   *Id.* at 38.

26.   In the case of Shotwell's search warrant, there is no argument that the warrant was a general warrant.   As required by Anderson, the warrant described the place to be searched, namely "11 West Main Street, Newark, DE 19702" and a "2002 dark Nissan Maxima," and "[a]ll outbuildings and vehicles other than specified above that are on the property."   As further required by Anderson, the

search warrant specifically described the things to be seized, as set forth in paragraphs 22 and 23 of this Memorandum. The Shotwell search warrant did not even contain any of the questionable language such as "other fruits, instrumentalities, and evidence of crime" that was in question in Anderson or similar language that was questioned in *Ballard,* but still found in both cases not to constitute a general warrant. For these reasons, Shotwell's general warrant claim fails as a matter of law.

27. **EXCESSIVE FORCE CLAIM.** Plaintiff may be making a passing excessive force claim toward the end of his Complaint when he makes a passing remark that Sgt. Christopher Martin may have had some involvement in his handcuffing. Plaintiff implies that he had clearly visible ligature marks on his wrist, even several hours after he was handcuffed. This claim fails as a matter of law. It is unclear from the Complaint whether Sgt. Martin actually applied handcuffs to the plaintiff, whether any complaints about the handcuffs where ever made to Sergeant Martin or any other officer. There is also no allegation about how long plaintiff was actually handcuffed and how it was that plaintiff was handcuffed that may have caused the so-called ligature marks. In *Kopec v. Tate,* 361 F.3d 772 (3d Cir. 2004), the Court allowed a "tight-handcuffing" case to proceed to trial. However, in that case, there was evidence that the plaintiff had suffered immediate, debilitating pain from being handcuffed for a ten minute

period during which he complained to the officer who took no action. *Id.* at 777-78. In a dissent, Judge Smith noted that under caselaw, tight handcuffing alone does not state an excessive force claim. *Kopec v. Tate (dissenting opinion)*, 361 F.3d at 778 (citing *Burchett v. Kiefer*, 310 F.3d 937, 944-45 (6th Cir. 2002)). The cases only permitted these so-called tight handcuffs cases when (1) the arrestee complained that the cuffs were too tight to the officer, and (2) the officer failed to take any action to reasonably respond. *Id.* at 785.

28. Plaintiff's handcuffing claim, aside from being barred by the statute of limitations, also fails to state a claim under Kopec or the other case law cited therein. Plaintiff has failed to specifically allege that Sergeant Martin handcuffed him, has failed to allege that he complained to Sergeant Martin, and that Sergeant Martin reasonably failed to take any action to respond to plaintiff's complaints in a timely manner. For these reasons, plaintiff's excessive handcuff claim against Sergeant Martin should be dismissed.

29. **QUALIFIED IMMUNITY**. Defendants are also entitled to qualified immunity on the claims for the reasons previously set forth. Defendants are also entitled to qualified immunity on plaintiff's federal constitutional claim. Under the doctrine of qualified immunity, state officials performing discretionary duties are generally "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights or which a

reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   The United States Supreme Court has recently ruled that "[q]ualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015). The Supreme Court has also ruled that the "qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).  The doctrine of qualified immunity extends to mere mistakes in judgment, whether the mistake is one of fact or law. *Butz v. Economou*, 438 U.S. 478, 507 (1978).

30.  Defendants Sapp, Sawyer, and Gatti were not aware of any controlling case law that would have held them liable for a civil rights claim where there was no evidence of personal involvement.  Likewise, the only allegation regarding Sgt. Christopher Martin is a claim that plaintiff's handcuffs were tight over several hours and left marks.  Finally, Sgt. Taylor is entitled to qualified immunity based on his actions in searching plaintiff's house based on a valid search warrant, and executing a valid arrest warrant, signed by a neutral magistrate. *See United States v. Primo*, 223 Fed. Appx. 187, 190 (3d Cir. 2007) (officer who executes a search pursuant to a warrant typically does so in good faith unless evidence of narrow

exceptions); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484-85 (3d Cir. 1995) (officers entitled to qualified immunity for reasonably relying on information in arrest warrant for plaintiff's arrest on charge of official misconduct).

**STATE OF DELAWARE**
**DEPT. OF JUSTICE**
/s/ Michael F. McTaggart
Michael F. McTaggart (#2682)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendants Sapp,
Sawyer, Gatti, Martin, and Taylor

DATED: August 27, 2018

# EXHIBIT #1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Mark J. Shotwell, | | |
| Plaintiff, | | |
| v. | | Civil Action No. 18-984-RGA |
| Captain Jason Sapp, | | |
| Captain Pete Sawyer, | | |
| Det. Gatti, | | |
| Sgt. Christopher Martin, | | |
| Sgt. Matthew Taylor, | | |
| Unnamed Officers who participated in the | | |
| search of Plaintiff's residence and/or electronics | | |
| Defendants. | | |

## DECLARATION OF SERGEANT MATTHEW TAYLOR

I, Sergeant Matthew Taylor, having been duly sworn according to the law, do hereby depose and state the following:

1.    I have been employed with the Delaware State Police for over 23 years.

2.    I can attest that attached to this Declaration are true and accurate copies of the Search Warrant (exhibit A) and Arrest Warrant (exhibit B) for Mark Shotwell. I was the Affiant on both the Search Warrant and the Arrest Warrant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Sgt. Matthew Taylor

Dated: August 23, 2018

EXHIBIT A

07/03/2016 SUN 18:42  FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    ☒001/013

07/03/2016 SUN 18:25  FAX   →→→ JP Court 11                                        ☒001/013

# IN THE JUSTICE OF THE PEACE COURT #11
## STATE OF DELAWARE

**IN THE MATTER OF:**
Mark J. Shotwell WMN33 07/11/1982
11 West Main Street
Newark, DE 19702
2002 dark blue Nissan Maxima bearing Delaware registration 73793, VIN # JN1DA31D52T411805
All outbuildings and vehicles other than specified above that are on the property

Daytime
### SEARCH WARRANT

**THE STATE OF DELAWARE TO:**                    **COMPLAINT NO.**

**NAMES OF AFFIANT(S)**                           02-16-62567

Sgt. Matthew Taylor #945 of the Delaware State Police

with the assistance of any police officer or constable or any other necessary or proper person or persons or
assistance.

**GREETINGS:**

Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable
cause to believe that certain property, namely:

**ITEMS TO BE SEARCHED FOR AND SEIZED:**

Any handguns, firearms, ammunition, shot guns or shotgun ammunition, any and all assault style
rifles or replicas of same, specifically but not limited to any type of AR-14 rifle, AR-15 rifle, M-
14 rifle, M-15 rifle or any assault style rifle ammunition, any suppressors, homemade or bought
or any replicas of said suppressors, Black, gray, or dark colored handgun(s) or replica gun, black
and/or silver revolver handgun or replica guns. Any and all knives, swords or similar style edged
weapons or anything similar that could be used as a deadly weapon. Any and all photos
depicting any of these aforementioned items.

**Used or intended to be used for:**

Criminal Contempt of a Domestic Violence Protective Order DE:11:1271 A0c2 FF

SW                          S/W #1



07/03/2016 SUN 18:42   FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    ☑002/013

07/03/2016 SUN 18:25   FAX   →→→ JP Court 11                                        ☑002/013

is being concealed on the (premises) (person) described in the annexed affidavit and application or complaint;

NOW THEREFORE, YOU ARE HEREBY COMMANDED within 10 days of the date hereof to search the above-named person, persons, house, conveyance or place for the property specified in the annexed affidavit and application, and to search any occupant or occupants found in the house, place, or conveyance above named for such property, serving this warrant and making the search in the daytime, or in the nighttime if the property to be searched is not a dwelling house, and, if the property, papers, articles or things, or any part therefore, be found there, to seize it, giving to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken, or leaving the copy and receipt at the place from which the property was taken and prepare a signed inventory of the goods seized in the presence of the person from whose possession of premises the property was taken, if they are present, or, if they are not present, in the presence of at least one witness, and to return this warrant, accompanied by the written inventory, to me forthwith

*DATED the 3rd day of July 2016*

(Judge or Justice of Peace—Designate name title and court)

SW

# IN THE JUSTICE OF THE PEACE COURT #11
## STATE OF DELAWARE

**IN THE MATTER OF:**
Mark J. Shotwell WMN33 07/11/1982
11 West Main Street
Newark, DE 19702
2002 dark blue Nissan Maxima bearing Delaware registration 73793, VIN # JN1DA31D52T411805
All outbuildings and vehicles other than specified above that are on the property

            (  **SEARCH WARRANT**
            (  **APPLICATION AND AFFIDAVIT**

| STATE OF DELAWARE | DATE OF APPLICATION | COMPLAINT NO. |
|---|---|---|
| COUNTY OF New Castle | 07/03/2016 | 02-16-62567 |

*Be it remembered that on this 3rd day of July 2016, before me*
(Authority) _____

**NAMES OF AFFIANTS**

Sgt. Matthew Taylor #945 of the Delaware State Police

personally appeared and being duly sworn (affirmed) according to law, depose(s) and say(s) that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure and is located at particular premises or places or in the possession of particular person(s) as described below.

**ITEMS TO BE SEARCHED FOR AND SEIZED:**
Any handguns, firearms, ammunition, shot guns or shotgun ammunition, any and all assault style rifles or replicas of same, specifically but not limited to any type of AR-14 rifle, AR-15 rifle, M-14 rifle, M-15 rifle or any assault style rifle ammunition, any suppressors, homemade or bought or any replicas of said suppressors, Black, gray, or dark colored handgun(s) or replica gun, black and/or silver revolver handgun or replica guns. Any and all knives, swords or similar style edged weapons or anything similar that could be used as a deadly weapon. Any and all photos depicting any of these aforementioned items.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED:**
Residence is a 2 story single dwelling with beige stucco style siding on the upstairs and 3 upstairs windows, and a half beige stucco style and half stone siding on the downstairs. There is a light green siding on the side of the residence. Residence has 2 downstairs windows, a front porch with 3 steps leading to the porch, and a white front door with a double pained glass. There is a black mailbox to the left of the front door with "11 W" affixed to it.

SW



07/03/2016 SUN 18:42  FAX 302 323 4452 JP COURT 11 →→→ Troop 2          ☒004/013

07/03/2016 SUN 18:25  FAX   →→→ JP Court 11                              ☒004/013

**NAME OF OWNER(S), OCCUPANT(S) OR POSSESSOR(S) OR PREMISES AND/OR PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED:**
Residence is a single dwelling owned and occupied by Mark Shotwell WMN33 07/11/1982

**VIOLATION OF (Describe conduct or specify):**
Criminal Contempt of a Domestic Violence Protective Order DE:11:1271 A0c2 FF



SW

07/03/2016 SUN 18:42   FAX 302 323 4452 JP COURT 11 ←←← Troop 2      ☑005/013

07/03/2016 SUN 18:23   FAX   ←←← JP Court 11      ☑003/013

## SEARCH WARRANT APPLICATION AND AFFIDAVIT
### PROBABLE CAUSE SHEET
### COMPLAINT NUMBER: 02-16-62567

1.) Your Affiant is a sworn member of the Delaware State Police for 21 years, with the current rank of Sergeant, and is currently assigned as a Supervisor at Troop 2, Criminal Investigations, Major Crimes Unit.

2. On May 20th, 2016, Your Affiant assigned assigned Det. Geoffrey Biddle of the Major Crimes Unit an investigation involving Mark Shotwell (WM DOB: 07-11-82) who has made harassing remarks to several DSP Troopers who Mark Shotwell has had contact with. Mark Shotwell has indicated that he would respond to Troopers personal residences when they are off duty to talk about an investigation involving him. Additionally, Mark Shotwell has contacted DSP Troopers and informed them he knows where they lived and described the vehicles owned by the State Trooper that are parked in their driveway.

3. On June 8th, 2016, Det. Biddle was further assigned a second investigation that involved an Uber Driver who drove Mark Shotwell and his companion to a drinking establishment in Pennsylvania and both subjects threatened the Uber Driver to take them where they want because they have "guns." Additionally, a sex crime was reported by the Uber Driver, where he was the victim, during the transport of Mark Shotwell and his companion. This investigation is still ongoing.

4. On June 28th, 2016, Det. Biddle contacted Mark Shotwell by telephone (Troop land line to Mark Shotwell's cellular device) to advise him that he is conducting an investigation with the Uber Driver. Mark Shotwell declined to make any comments. Additionally, at the request of DSP Troop Administrators, Det. Biddle advised Mark Shotwell not to contact any State Troopers and harass them, and that if he is in need of any emergency services, to contact 911. Mark Shotwell then called Det. Biddle back, and requested to speak with him. Det. Biddle returned the telephone call and was met with Mark Shotwell stating; "I don't give a fuck who you think you are, I will tell you my rights and your are barking up the wrong tree." "And quit being a little pussy because I know you are a little bitch." "How about you get on your knees, and I will put my dick in your mouth and you can go fuck yourself." The telephone conversation ended with Mark Shotwell stating Det. Biddle is; "a piece of shit."

5. On July 3rd, 2016, Mark Shotwell placed a posting on his Facebook account :mark shotwell Newark Delaware (including a photograph of Mark Shotwell) stating; "Det. Jeffery E Biddle of DSP Troop #2, I'm coming for you you little b*tch- and your family, loved-ones, etc... lets see how you like it you little p*ssy!! :) #Kfreshstyle PS, I already know ALL about you too, you little f*ck-face, guess it's time you see how i really get down.... hope u had u  had fun talking all u' sh*t, now its time i work my magic... no turning back now :) #uDirtypig_now_urFUCKED :) . Your Affiant recognizes the language utilized by Mark Shotwell on Facebook, as similar to the language used in the telephone conversation in #4. Additionally, your Affiant recognizes the Hash Tag; "#Kfreshstyle," as that used by Mark Shotwell in online postings to identify himself as Mark Shotwell.

6. Statements above in #5., have caused stress and concern for Det. Biddle's safety for his person, and that of his family. Through investigation, it has been determined that Mark Shotwell has had, and may still have access to firearms, as they should have been turned in through a PFA (Protection From Abuse Order against him by his ex-girlfriend.....served by Troop 2, August 8th,

SW

2015 PFA Order #0089338; currently active).  Mark Shotwell's current PFA makes him a person prohibited by law from possessing a firearm. Additionally, Mark Shotwell's Facebook page has photographs of automatic handguns with comments supporting gun ownership.

7. Affiant is aware through Mark Shotwell's criminal history that he has been arrested in the past for Possession of a Deadly Weapon During the Commission of a Felony and Terroristic Threatening.  Your affiant is also aware that Mark Shotwell owned multiple firearms at the time of the PFA and one of the firearms was not relinquished immediately and instead placed in the custody of Shotwell's mother.

8. Affiant is aware as recent as 06/25/2016 Mark Shotwell has posted on Facebook pictures of various firearms and talking about upgrading his ownership of firearms.

9. Your Affiant has searched Mark Shotwell's residence through the New Castle County Parcel Search confirming he is the residence owner of #11 W. Main Street, Newark, Delaware, 19702. The Delaware State Police has responded to Mark Shotwell's residence on numerous occasions, the last being June 3rd, 2016 where he has informed the Delaware State Police that he resides at 11 W. Main Street, Newark, Delaware, 19702.  A Deljis Search indicates that Mark Shotwell has listed on both his Drivers License and vehicle registration (Del; Reg: 73793; 2002 Blue Nissan Maxima, 4 Door Sedan, VIN #JN1DA31D52T411805) at 11 W. Main Street, Newark, Delaware, 19702.  Last, Delaware State Police has conducted surveillance at 11 W. Main Street, Newark, Delaware, 19702 on this date (07-03-16) and have observed Mark Shotwell enter the residence.

10. Affiant believes that a search of Mark Shotwell's residence, vehicle (Del; Reg: 73793; 2002 Blue Nissan Maxima, 4 Door Sedan, VIN #JN1DA31D52T411805) and any and all outbuildings located on the property would result in evidence that would assist with this investigation and also prevent any weapons or items that would assist Mark Shotwell in carrying out any type of threats he has made against various Delaware State Troopers.  Affiant respectfully prays this court issue a search warrant based on the above probable cause.

WHEREFORE, this (these) affiant(s) prays (or pray) that a search warrant may be issued authorizing a search of the aforesaid (house, place, conveyance, person or persons, occupant or occupants) in the manner provided by law.

**AFFIANT**

SW

07/03/2016 SUN 18:43  FAX 302 323 4452 JP COURT 11 ➔➔➔ Troop 2                    ☒007/013

07/03/2016 SUN 18:26  FAX    ➔➔➔ JP Court 11                                      ☒007/013

**AFFIANT**

*SWORN to (or affirmed) and subscribed before me this 3rd day of July, 2016*

(Judge or Justice of Peace—Designate name of the Court)

SW

07/03/2016 SUN 18:43  FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    ☑008/013

07/03/2016 SUN 18:26  FAX  →→→ JP Court 11                                        ☑008/013

# IN THE JUSTICE OF THE PEACE COURT #11
## STATE OF DELAWARE

**IN THE MATTER OF:**
Mark J. Shotwell WMN33 07/11/1982
11 West Main Street
Newark, DE 19702

**Daytime**
{ **SEARCH WARRANT**

## THE STATE OF DELAWARE TO:

**COMPLAINT NO.**
02-16-62567

NAMES OF AFFIANT(S)

Sgt. Matthew Taylor #945 of the Delaware State Police

with the assistance of any police officer or constable or any other necessary or proper person or persons or
assistance.

**GREETINGS:**

Upon the annexed affidavit and application or complaint for a search warrant, as I am satisfied that there is probable
cause to believe that certain property, namely:

**ITEMS TO BE SEARCHED FOR AND SEIZED:**

Any and all electronic devices to include but not limited to computers, laptop computers, notebooks,
tablets, iPads, smart TV's, hard drives and cellular phones.  Any and all media devices, to include but
not limited, to thumb drives, memory sticks, cd's, dvd's, external storage devices, hard drives and other
devices used to save or record data related to internet searches and internet postings.  Any and all
documents to include, but not limited to, photographic images, video images, printouts from Facebook or
other social media venues.  Any and all photos depicting any of these aforementioned items.

**Used or intended to be used for:**

Terroristic Threatening of Public Officials or Public Servants DE:11:1240a GF

Is being concealed on the (premises) (person) described in the annexed affidavit and application or complaint;

NOW THEREFORE, YOU ARE HEREBY COMMANDED within 10 days of the date hereof to search the
above-named person, persons, house, conveyance or place for the property specified in the annexed affidavit
and application, and to search any occupant or occupants found in the house, place, or conveyance above
named for such property, serving this warrant and making the search in the daytime, or in the nighttime if
the property to be searched is not a dwelling house, and, if the property, papers, articles or things, or any
part therefore, be found there, to seize it, giving to the person from whom or from whose premises the
property was taken a copy of the warrant and a receipt for the property taken, or leaving the copy and
receipt at the place from which the property was taken and prepare a signed inventory of the goods seized in
the presence of the person from whose possession of premises the property was taken, if they are present, or,
if they are not present, in the presence of at least one witness, and to return this warrant, accompanied by
the written inventory, to me forthwith

*DATED the 3rd day of July 2016*

_____  JP Court 11
(Judge or Justice of Peace                    and court)

SW

S/W #2
FIREARMS

07/03/2016 SUN 18:43  FAX 302 323 4452 JP COURT 11 →→→ Troop 2              ☑009/013

07/03/2016 SUN 18:27  FAX   →→→ JP Court 11                                 ☑009/013

# IN THE JUSTICE OF THE PEACE COURT #11
## STATE OF DELAWARE

**IN THE MATTER OF:**
Mark J. Shotwell WMN33 07/11/1982
11 West Main Street
Newark, DE 19702

**Daytime**
{ SEARCH WARRANT
{ APPLICATION AND AFFIDAVIT

| | | |
|---|---|---|
| **STATE OF DELAWARE** | **DATE OF APPLICATION** | **COMPLAINT NO.** |
| **COUNTY OF New Castle** | 07/03/2016 | 02-16-62567 |

*Be it remembered that on this 3rd day of July 2016, before me*
(Authority) _____ J.P.

*NAMES OF AFFIANTS*
Sgt. Matthew Taylor #945 of the Delaware State Police

personally appeared and being duly sworn (affirmed) according to law, depose(s) and say(s) that there is probable cause to believe that certain property is evidence of or the fruit of a crime or is contraband or is unlawfully possessed or is otherwise subject to seizure and is located at particular premises or places or in the possession of particular person(s) as described below.

**ITEMS TO BE SEARCHED FOR AND SEIZED:**
Any and all electronic devices to include but not limited to computers, laptop computers, notebooks, tablets, iPads, smart TV's, hard drives and cellular phones. Any and all media devices, to include but not limited, to thumb drives, memory sticks, cd's, dvd's, external storage devices, hard drives and other devices used to save or record data related to internet searches and internet postings. Any and all documents to include, but not limited to, photographic images, video images, printouts from Facebook or other social media venues. Any and all photos depicting any of these aforementioned items.

**SPECIFIC DESCRIPTION OF PREMISES AND/OR PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED:**
Residence is a 2 story single dwelling with beige stucco style siding on the upstairs and 3 upstairs windows, and a half beige stucco style and half stone siding on the downstairs. There is a light green siding on the side of the residence. Residence has 2 downstairs windows, a front porch with 3 steps leading to the porch, and a white front door with a double pained glass. There is a black mailbox to the left of the front door with "11 W" affixed to it.

**NAME OF OWNER(S), OCCUPANT(S) OR POSSESSOR(S) OR PREMISES AND/OR PLACE(S) AND/OR VEHICLE(S) AND/OR PERSON(S) TO BE SEARCHED:**
Residence is a single dwelling owned and occupied by Mark Shotwell WMN33 07/11/1982

SW



07/03/2016 SUN 18:43  FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    @010/013

07/03/2016 SUN 18:28  FAX   →→→ JP Court 11       .                               @010/013

**VIOLATION OF (Describe conduct or specify):**
Terroristic Threatening of Public Officials or Public Servants DE:11:1240a GF

BW



07/03/2016 SUN 18:43  FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    ☑011/013

07/03/2016 SUN 18:28  FAX   →→→ JP Court 11                                      ☑011/013

## SEARCH WARRANT APPLICATION AND AFFIDAVIT
## PROBABLE CAUSE SHEET
## COMPLAINT NUMBER: 02-16-62567

1. Your Affiant is a sworn member of the Delaware State Police for 21 years, with the current rank of Sergeant, and is currently assigned as a Supervisor at Troop 2, Criminal Investigations, Major Crimes Unit.

2. On May 20th, 2016, Det. Geoffrey Biddle of the Major Crimes Unit was assigned an investigation involving Mark Shotwell (WM DOB: 07-11-82) who has made harassing remarks to several DSP Troopers who Mark Shotwell has had contact with. Mark Shotwell has indicated that he would respond to Troopers personal residences when they are off duty to talk about an investigation involving him. Additionally, Mark Shotwell has contacted DSP Troopers and informed them he knows where they lived and described the vehicles owned by the State Trooper that are parked in their driveway.

3. On June 8th, 2016, Det. Biddle was assigned a second investigation that involved an Uber Driver who drove Mark Shotwell and his companion to a drinking establishment in Pennsylvania and both subjects threatened the Uber Driver to take them where they want because they have "guns." Additionally, a sex crime was reported by the Uber Driver, where he was the victim, during the transport of Mark Shotwell and his companion. This investigation is still ongoing.

4. On June 28th, 2016, Det. Biddle contacted Mark Shotwell by telephone (Troop land line to Mark Shotwell's cellular device) to advise him that he is conducting an investigation with the Uber Driver. Mark Shotwell declined to make any comments. Additionally, at the request of DSP Troop Administrators, Det. Biddle advised Mark Shotwell not to contact any State Troopers and harass them, and that if he is in need of any emergency services, to contact 911. Mark Shotwell then called Det. Biddle back, and requested to speak with him. Det. Biddle returned the telephone call and was met with Mark Shotwell stating; "I don't give a fuck who you think you are, I will tell you my rights and your are barking up the wrong tree." "And quit being a little pussy because I know you are a little bitch." "How about you get on your knees, and I will put my dick in your mouth and you can go fuck yourself." The telephone conversation ended with Mark Shotwell stating Det. Biddle is; "a piece of shit."

5. On July 3rd, 2016, Mark Shotwell placed a posting on his Facebook account :mark shotwell Newark Delaware (including a photograph of Mark Shotwell) stating; "Det. Jeffery B Biddle of DSP Troop #2, I'm coming for you you little b*tch- and your family, loved-ones, etc... lets see how you like it you little p*ssy!! :) #Kfreshstyle PS, I already know ALL about you too, you little f*ck-face, guess it's time you see how i really get down.... hope u had u had fun talking all ur sh*t, now its time i work my magic... no turning back now :) #uDirtypig_now_urFUCKED :) ." Your Affiant recognizes the language utilized by Mark Shotwell on Facebook, as similar to the language used in the telephone conversation in #4. Additionally, your Affiant recognizes the Hash Tag; "#Kfreshstyle," as that used by Mark Shotwell in online postings to identify himself as Mark Shotwell.

6. Statements above in #5, have caused stress and concern for Det. Biddle's safety for his person, and that of his family. Through investigation, it has been determined that Mark Shotwell has had, and may still have access to firearms, as they should have been turned in through a PFA (Protection From Abuse Order against him by his ex-girlfriend.....served by Troop 2, August 8th, 2015 PFA Order #0089338; currently active). Mark Shotwell's current PFA makes him a person

SW



prohibited by law from possessing a firearm. Additionally, Mark Shotwell's Facebook page has photographs of automatic handguns.

7. Through training and experience, your Affiant is aware that individuals use various electronic devices to include the items listed in the "Items To Be Searched For And Seized" in this search warrant for purposes of conducting internet searches for such purposes as locating individuals as well as to obtain names and other identifying information including photographs of family members as well as to post messages to be viewed on the internet. In addition, your Affiant is aware that individuals use media storage devices to save such internet searches as well as information obtained from these searches and to save or record internet postings.

8. Your Affiant has searched Mark Shotwell's residence through the New Castle County Parcel Search confirming he is the residence owner of #11 W. Main Street, Newark, Delaware, 19702. The Delaware State Police has responded to Mark Shotwell's residence on numerous occasions, the last being June 3rd, 2016 where he has informed the Delaware State Police that he resides at 11 W. Main Street, Newark, Delaware, 19702. A Deljis Search indicates that Mark Shotwell has listed on both his Drivers License and vehicle registration (Del; Reg: 73793; 2002 Blue Nissan Maxima, 4 Door Sedan, VIN #JN1DA31D52T411805) at 11 W. Main Street, Newark, Delaware, 19702. Last, Delaware State Police has conducted surveillance at 11 W. Main Street, Newark, Delaware, 19702 on this date (07-03-16) and have observed Mark Shotwell enter the residence.

9. Your affiant does believe the noted facts do constitute probable cause that a search of the residence located 11 West Main Street Newark, DE 19702 could result in the recovery of evidence that will assist with prosecut of this case.

**WHEREFORE, this (these) affiant(s) prays (or pray) that a search warrant may be issued authorizing a search of the aforesaid (house, place, conveyance, person or persons, occupant or occupants) in the manner provided by law.**

Sgt. _____ 945

**AFFIANT**

**AFFIANT**

SW

07/03/2016 SUN 18:44   FAX 302 323 4452 JP COURT 11 →→→ Troop 2                    ☑013/013

07/03/2016 SUN 18:28   FAX   →→→ JP Court 11                                        ☑013/013

*SWORN to (or affirmed) and subscribed before me this* ___3___ *day of*
___July___ *, 2016*

_____  Susan E. Ofly  JP  Court 11

(Judge or Justice of Peace—Designate name, title and court)

SW



IN THE  JP-11 COURT ,
STATE OF DELAWARE

COMPLAINT #: 02-16-62567

IN THE MATTER OF:

| | |
|---|---|
| Mark J. Shotwell WMN33 07/11/1982<br>11 West Main Street<br>Newark, DE 19702<br>2002 dark blue Nissan Maxima bearing Delaware registration 73793, VIN<br>JN1DA31D52T411805<br>All outbuildings and vehicles other than specified above that are on the<br>property | {<br>{<br>{  Court: JP-11<br>{<br>{ |

**INVENTORY AND AFFIDAVIT OF PROPERTY
TAKEN UNDER SEARCH WARRANT**

I received the attached search warrant on 07-3-2016 and have executed it as follows:

On 07-3-2016 at 1928 hours I searched the premises described in the warrant and left a copy of the warrant and a receipt for the items seized with the person from whom or from whose premises the property was taken, if present; or, if not present, at the premises.

The inventory was made and signed in the presence of (check one or both, as applicable):

☐         , the person from whom, or from whose premises the property was taken [Fill in name, if known]; AND / OR

X     Another witness: Sgt. Perna, Detective Frey, Detective DeFlaviis, Detective May and Detective Rizzo

**The following is inventory of property taken pursuant to the warrant:**

1.     (1) HP Desktop Tower (SN-2UA0121LHR)
2.     (1) Blue Verbatim Thumb Drive
3.     (1) HP Desktop Tower (SN-2UA9410LDY)
4.     (1) 1PNY 16 GB Thumb Drive
5.     (1) PNY 64 GB Thumb Drive
6.     (3) DVDs
7.     (1) Kyocera Cell Phone (Model C5215)
8.     (1) Samsung Smart Phone (Model SMG360P)
9.     (1) Samsung Flip Phone (Model SM8311V)
10.    (1) Asus Laptop (Model X553M)
11.    (1) Scan Disk Ultra Plus 16 GB Memory Card
12.    (1) Red Verbatim Thumb Drive
13.    (1) Green Verbatim Thumb Drive
14.    (1) Black Scan Disk Verbatim Thumb Drive

The search warrant was executed in the manner described above and this inventory is a true and detailed account of all of the property taken by me on the warrant.

_Sgr. Matlla by 945_
OFFICER'S SIGNATURE

MATTHEW TAYLOR, SERGEANT
945
NAME / TITLE (PRINTED)

7-3-16
DATE

WITNESS: _____
(OPTIONAL)      NAME (PRINTED)

DATE

Title (if applicable): _____

Address: _____

**[ATTACH WARRANT]**

EXHIBIT B

Adult Complaint and Warrant
In the Justice Of The Peace Court
In and for the
State of Delaware

State of Delaware vs. **MARK J. SHOTWELL**

I, SGT TAYLOR (10945) of TROOP 2 STATE POLICE , do hereby state under oath or affirmation, to the best of my knowledge, information and belief that the above-named accused violated the laws of the State of Delaware by committing criminal acts in New Castle county on or about the date, or dates, and at or about the location, or locations, as indicated in Exhibit A hereto attached and made a part hereof.

Wherefore, your affiant prays that the above-named accused may be forthwith approached and held to answer this complaint consisting of 1 charge, and to be further dealt with as the law directs.

X _____
                                    Affiant

Sworn to and subscribed to before me this 3rd day of July AD, 2016.

_____
                    Judge/Commissioner/Court Official

(To be completed by the Judge/Commissioner/Court Official)
A. _____ The crime was committed by a child.
B. _____ A misdemeanor was committed against a child.
C. _____ A misdemeanor was committed by one family member against another family member.
D. _____ Other: Explain:

Warrant

To any constable or other authorized person:

Whereas, the foregoing complaint consisting of 1 charge, having been made, as listed in Exhibit A which is attached hereto and incorporated herein, and having determined that said complaint has been properly sworn to and having found that there exists probable cause for the issuance of process, based upon the affidavit of probable cause which is attached hereto and incorporated herein as Exhibit B, you are hereby commanded in the name of the State of Delaware, to take **MARK J. SHOTWELL** accused, and bring same before

**Justice Of The Peace Court 11, FORTHWITH, to answer said charge**

GIVEN UNDER MY HAND, this  3rd day of July AD, 2016

_____
                    Judge/Commissioner/Court Official

Executed on 07/03/2016 by TAYLOR
Case Number: 16-07-002292  Warrant Number: 02-16-007746

State of Delaware vs. **MARK J. SHOTWELL**                    Case: **16-07-002292**

## Exhibit A

Charge Sequence: **1**          Police Complaint Number: **02-16-062567**                    Arrest Number: **438862**

Charge:  Intent Threaten the Life of or Threatens Ser Phys Inj to Public Official or Public Servant In Violation of 11 Del.C. §
1240 000A F G

Location: La Garange AVE - 24, 19702

TO WIT: MARK J SHOTWELL, on or about the 3rd day of July, 2016, in the County of Other, State of Delaware, did
threaten to commit a crime likely to result in death or in serious injury to  a public official or public servant by
stating through social media; "Det. Jeffery E Biddle of DSP Troop 2, I'm coming for you you little b*tch- and your
family, loved-ones, etc."



State of Delaware vs. **MARK J. SHOTWELL**                    Case: **16-07-002292**

Exhibit B

SBI Number: **00411092**
Date of Birth/Age: **Jul 11, 1982 (33)**        Sex: **Male**        Race: **White**
Eye Color: **Brown**        Hair Color: **Brown**        Height: **5' 7"**    Weight: **175lbs**
Driver's License:

Address:   **11 MAIN ST**                    Parent:  **ELIZABETH MARTIN**

      **NEWARK DE 19702**                    **WILMINGTON ,DE 19808**

Phone:  **(302) 981-5479**                    **(302) 994-1530**

Date of Times of Offense: **Between 07/03/2016 at 01:00 and 07/03/2016 at 01:00**
Location of Offense: **La Garange AVE - 24, 19702**

Also known as:
**MARK SHOTWELL**
**MARK J. SHOTWELL**

Your Affiant to truly state;
1. Your Affiant is a sworn member of the Delaware State Police for 21 years, with the current rank of Sergeant, and is currently assigned as a Supervisor at Troop 2, Criminal Investigations, Major Crimes Unit.
2. On May 20th, 2016, Your Affiant assigned Det. Geoffrey Biddle of the Major Crimes Unit an investigation involving Mark Shotwell (WM DOB: 07-11-82) who has made harassing remarks to several DSP Troopers who Mark Shotwell has had contact with. Mark Shotwell has indicated that he would respond to Troopers personal residences when they are off duty to talk about an investigation involving him. Additionally, Mark Shotwell has contacted DSP Troopers and informed them he knows where they lived and described the vehicles owned by the State Trooper that are parked in their driveway.
3. On June 8th, 2016, Det. Biddle was further assigned a second investigation that involved an Uber Driver who drove Mark Shotwell and his companion to a drinking establishment in Pennsylvania and both subjects threatened the Uber Driver to take them where they want because the have "guns." Additionally, a sex crime was reported by the Uber Driver, where he was the victim, during the transport of Mark Shotwell and his companion. This investigation is still ongoing.
4. On June 28th, 2016, Det. Biddle contacted Mark Shotwell by telephone (Troop land line to Mark Shotwell's cellular device) to advise him that he is conducting an investigation with the Uber Driver. Mark Shotwell declined to make any comments. Additionally, at the request of DSP Troop Administrators, Det. Biddle advised Mark Shotwell not to contact any State Troopers and harass them, and that if he is in need of any emergency services, to contact 911. Mark Shotwell then called Det. Biddle back, and requested to speak with him. Det. Biddle returned the telephone call and was met with Mark Shotwell stating; "I don't give a fuck who you think you are, I will tell you my rights and your are barking up the wrong tree." "And quit being a little pussy because I know you are a little bitch." "How about you get on your knees, and I will put my dick in your mouth and you can go fuck yourself." The telephone conversation ended with Mark Shotwell stating Det. Biddle is; "a piece of shit."
5. On July 3rd, 2016, Mark Shotwell placed a posting on his Facebook account :mark shotwell Newark Delaware (including a photograph of Mark Shotwell) stating; "Det. Jeffery E Biddle of DSP Troop #2, I'm coming for you you little b*tch- and your family, loved-ones, etc... lets see how you like it you little p*ssy!! :) #Kfreshstyle PS, I already know ALL about you too, you little f*ck-face, guess it's time you see how i really get down.... hope u had u had fun talking all ur sh*t, now its time i work my magic... no turning back now :) #uDirtypig_now_urFUCKED :) . Your Affiant recognizes the language utilized by Mark Shotwell on Facebook, as similar to the language used in the telephone conversation in #4. Additionally, your Affiant recognizes the Hash Tag; "#Kfreshstyle," as that used by Mark Shotwell in online postings to identify himself as Mark Shotwell.
6. Statements above in #5., have caused stress and concern for Det. Biddle's safety for his person, and that of his family. Through investigation, it has been determined that Mark Shotwell has had, and may still have access to firearms, as they should have been turned in through a PFA (Protection From Abuse Order against him by his ex-girlfriend.....served by Troop 2, August 8th, 2015  PFA Order #0089338; currently active). Mark Shotwell's current PFA makes him a person prohibited by law from possessing a firearm. Additionally, Mark Shotwell's Facebook page has photographs of automatic handguns.
7. Your Affiant believes the facts of this Arrest Warrant are true and factual, and therefore, prays it be authorized for execution against Mark Shotwell for listed charges.

State of Delaware vs. **MARK J. SHOTWELL**                    Case: 16-07-002292

Affiant: SGT TAYLOR (10945) of TROOP 2 STATE POLICE

| Victims: | Date of Birth | Relationship of Victim to Defendant |
|---|---|---|
| GEOFFREY E BIDDLE | 07/05/1979 | Otherwise Known |

_____
Affiant

Sworn to and subscribed to before me this 3rd day of July AD, 2016.

_____
Judge/Commissioner/Court Official



State of Delaware vs. **MARK J. SHOTWELL**          Case: **16-07-002292**

## Approval and Arrest Information

Approved by:

Approved on: **07/03/2016 12:00:00 AM**

Approval Entered by: :

Active Arrest Number: **438862**

Date of Arrest: **07/03/2016**

Arresting Agency: **TROOP 2 STATE POLICE**

Arresting Officer: **TAYLOR**



EXHIBIT #2

SUPERIOR COURT CRIMINAL DOCKET      Page   1
( as of  08/16/2018 )

                                                               DOB: 07/11/1982

State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H. ZUBROW , Esq.      AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.      MARK SHOTWELL


Assigned Judge: WHARTON FERRIS W

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 1607002292 | N16071211 | PUBL OFFICIAL | DISM | 09/30/2016 |
| 002 | 1607002292 | IN16071517 | PUBL OFFICIAL | NOLP | 05/03/2017 |
| 003 | 1607002292 | IN16071518 | HARASSMENT | NOLP | 05/03/2017 |
| 004 | 1607002292 | N17050016I | DISORD CONDUCT | GLTY | 05/03/2017 |
|  | 1607002292 | VN1705001601 | VIOL O/PROBATN | VDSM | 10/11/2017 |

| No. | Event Date | Docket Add Date | Judge |
|-----|------------|-----------------|-------|
|  | Event | | |

1  07/25/2016     07/25/2016
     CASE ACCEPTED IN SUPERIOR COURT.
     ARREST DATE: 07/03/2016
     PRELIMINARY HEARING DATE: 072216
     BAIL:  SECURED BAIL-RELEASED        1,000.00
     CONDITION OF BAIL: RELINQUISH ALL FIREARMS AND DEALDU WEAPONS TURN TO
     - DSP TROOP 2., NO CONTACT WITH ANY DSP OFFICER, EXCEPT COURT RELATED
     OR AN EMERGANCY., NOT USE ANY CPMPUTER / ELECTRONIC DEVICE FOR ANY
     REASON
10  08/03/2016     10/03/2016
     ORDER AND MOTION FOR PSYCHIATRIC/PSYCHOLOGICAL EVALUATION FILED.
     DEFENDANT SHALL UNDERGO A PSYCHIATRIC/PSYCHOLOGICAL EVALUATION BY
     STAFF AT:  (DELAWARE PSYCHIATRIC CENTER OR PRIVATE SERVICE PROVIDER).
     REASON:  (FILL IN FROM ORDER).
     EVALUATION SHALL BE SUBMITTED TO COURT NO LATER THAN:  (DEADLINE DATE)
     EVALUATION SHALL BE SUBMITTED TO:  (MASTER OR JUDGE'S NAME).
     MASTER SHALL FORWARD EVALUATION TO COUNSEL; COUNSEL SHALL NOTIFY THE
     COURT WITHIN 10 DAYS WHETHER A COMPETENCY HEARING IS REQUIRED.  IF NO
     NOTIFICATION, COURT WILL ASSUME HEARING IS UNNECESSARY, AND CASE WILL
     BE SCHEDULED AS APPROPRIATE.  IF COUNSEL NOTIFIES COURT THAT A
     COMPETENCY HEARING IS REQUIRED, PROTHONOTARY SHALL CONSULT WITH
     COUNSEL AND SCHEDULE HEARING.  THE CRIMINAL ASSIGNMENT JUDGE SHALL
     ASSIGN THE HEARING TO ANY JUDGE AVAILABLE.
     *****WITHDRAWN VIA EMAIL IN FILE DATED 9/1/2016****
2  08/15/2016     08/15/2016
     TRANSCRIPT FILED.
     TRANSCRIPT OF PRELIMINARY HEARING - JULY 22, 2016
     BEFORE THE HONORABLE CARL C. DANBERG
     TANYA CONGO, COURT REPORTER

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    2
                       ( as of   08/16/2018 )

                                                        DOB: 07/11/1982
State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H ZUBROW , Esq.            AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.         MARK SHOTWELL

No.  Event Date      Docket Add Date                   Judge
       Event
---------------------------------------------------------------------------
3    08/19/2016        08/22/2016
     MOTION TO DISMISS FILED.
     BY KATHRYN VAN AMERONGEN, ESQ
     SCHED FOR 08/29/16 @1:30
     08/24/2016        08/24/2016
     MOTION TO DISMISS PASSED.
     PASSED TO 09/26/16 @1:30
     PER EMAIL FROM COUNSEL
4    09/06/2016        09/07/2016
     LETTER FROM: ERIC ZUBROW, DAG  TO: KATHRYN VAN AMERONGEN, ESQ.
     RE: PURSUANT TO SUPERIOR COURT CRIMINAL RULE 16, THE FOLLOWING
     INFORMATION CONCERNING THE ABOVE CAPTIONED CASE IS BEING SUPPLIED. ANY
     SUPPLEMENTS REQUIRED BY RULE 16 WILL BE PROVIDED AS STATED BELOW...
     HOWEVER, I HAVE ENCLOSED COPIES OF THE FOLLOWING FOR YOUR REVIEW:
     - DISC OF PHOTOGRAPHS;
     - DISC OF DEFENDANT'S PHONE CONVERSATIONS;
     - SEARCH WARRANT #1 - ELECTRONICS (7 PAGES);...
     *** SEE FULL LETTER IN FILE ***
5    09/12/2016        09/14/2016
     INDICTMENT, TRUE BILL FILED.NO 53
     SCHEDULED FOR 09/30/2016 ARRAIGNMENT AT 8:30
     CASE REVIEW 10/31/2016 AT 1:45
6    09/20/2016        09/20/2016
     SUBPOENA MAILED FOR 09/30/16 ARRAIGNMENT CALENDAR
7    09/20/2016        09/20/2016
     SUMMONS MAILED FOR 09/30/16 ARRAIGNMENT CALENDAR.
     09/22/2016        09/22/2016
     MOTION TO DISMISS RULED AS MOOT.
     CASE INDICTED ON 09/12/16
8    09/27/2016        09/28/2016
     MOTION TO SUPPRESS FILED.
     FILED BY KATHRYN VAN AMERONGEN, ESQ.
9    09/30/2016        09/30/2016
     ARRAIGNMENT CALENDAR - 10-C FILED_BY KATHRYN VAN AMERONGEN,ESQ.
     09/30/2016        09/30/2016
     BAIL REDISTRIBUTED SET AT
     SECURED BAIL-RELEASED                    1,000.00
     BAIL CONDITIONS REMAIN THE SAME.
11   10/06/2016        10/06/2016
     AMENDED MOTION TO SUPPRESS FILED.
     FILED BY KATHERYN VAN AMERONGEN.
12   10/11/2016        10/11/2016
```

State of Delaware v.  MARK J SHOTWELL          DOB: 07/11/1982
State's Atty: ERIC H ZUBROW , Esq.      AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.      MARK SHOTWELL

No.   Event Date      Docket Add Date               Judge
      Event
-------------------------------------------------------------------------
      SCHEDULING ORDER ISSUED
      THE FOLLOWING COURT DATES ARE ESTABLISHED:
      (A) FIRST CASE REVIEW 10/31/2016
      (B) FINAL CASE REVIEW 11/28/2016
      (C) TRIAL 12/08/2016
13    10/28/2016          10/28/2016
      CONTINUANCE REQUEST FILED BY KATHRYN VAN AMERONGEN, ESQ.
      THE STATE HAS APPROXIMATELY 64GB OF DISCOVERY TO PROVIDE TO DEFENSE.
      DEFENSE REQUESTS A 1 WEEK CONTINUANCE OF CASE REVIEW TO ALLOW TIME TO
      RECEIVE AND REVIEW THE LARGE AMOUNT OF DISCOVERY.
      ***REFERRED TO JUDGE CARPENTER ON 10/28/16***
14    11/01/2016          11/01/2016
      SUBPOENA(S) MAILED FOR CASE REVIEW ON 11/7/16 AT 1:45PM.
15    11/02/2016          11/02/2016
      SCHEDULING ORDER ISSUED
      THE FOLLOWING COURT DATES ARE ESTABLISHED:
      (A) FIRST CASE REVIEW 11/07/2016
      (B) FINAL CASE REVIEW 11/28/2016
      (C) TRIAL 12/08/2016
      11/07/2016          11/30/2016
      CASE REVIEW CALENDAR:  SET FOR FINAL CASE REVIEW.
      11/09/2016          11/16/2016
      SUBPOENA(S) ISSUED.
      (6)
16    11/18/2016          11/18/2016
      SUBPOENA(S) MAILED FOR SUPPRESSION HEARING ON 12/2/16 AT 10:00AM.
17    11/18/2016          11/21/2016
      DEFENDANT'S REQUEST FILED.
      REQUESTING CONFLICT COUNSEL
      REFERRED TO JUDGE STREETT (SUPPRESSION HEARING 12/2/16)
18    11/21/2016          11/22/2016
      STATE'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
      FILED BY: MATTHEW BLOOM, ESQ
      REFERRED TO JUDGE STREETT ON 11/22/2016
19    11/30/2016          11/30/2016               WHARTON FERRIS W
      STATES MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE
      FILED BY MATTHEW BLOOM, DAG/ERIC ZUBROW, DAG
      REFERRED TO JUDGE WHARTON  CRIMINAL ASSIGNMENT JUDGE WK OF 12/5/2016
22    12/01/2016          12/09/2016
      LETTER FROM: ERIC ZUBROW, DAG, TO: KATHRYN VAN AMERONGEN, ESQ, DATED
      11/30/16.
      RE: ENCLOSED IS SUPPLEMENTAL DISCOVERY CONSISTING OF:

SUPERIOR COURT CRIMINAL DOCKET                     Page    4
( as of  08/16/2018 )

DOB: 07/11/1982
State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H ZUBROW , Esq.          AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.       MARK SHOTWELL

No.   Event Date        Docket Add Date                 Judge
      Event
-----------------------------------------------------------------------
        -INITIAL CRIME REPORT OF SGT. TAYLOR, DATED 7/3/16-3 PAGES;
        -SUPPLEMENTAL REPORT OF SGT. TAYLOR, DATED 8/22/16-2 PAGES;
        -SUPPLEMENTAL REPORT OF DET. FREY, DATED 8/22/16-2 PAGES;
        -SUPPLEMENTAL REPORT OF DET. DEFALVIS, DATED 7/3/16-3 PAGES;
        -OFFICER'S NOTES, INCLUDING SBI SHEET-4 PAGES;
        -DISC OF MARTIN'S INTERVIEW.
20   12/02/2016        12/02/2016                 STREETT DIANE CLARKE
        HEARING HELD BEFORE JUDGE STREETT ON 12/2/2016 AT 10:00AM.
        SUPPRESSION HEARING - MOOT
        DEFENDANT'S REQUEST FOR APPOINTMENT OF CONFLICT COUNSEL- GRANTED (#17)
        TRIAL DATE IS CONTINUED, DUE TO DEFENSE.
        CONFLICT COUNSEL TO BE APPOINTMENT.
        DAG.: M. BLOOM, E. ZUBROW
        DEF: K. VAN AMERONGEN
        CR: L. COALE
        CC: A. SCOTT
        ** DECISION ON MOTION TO APPOINT NEW COUNSEL VACATED ON 1/10/17 **
21   12/07/2016        12/08/2016
        MOTION FOR RECONSIDERATION OF DEFENDANT'S PRO SE MOTION TO APPOINT
        COUNSEL FILED.
        BY KATHRYN VAN AMERONGEN, ESQ
        REFERRED TO JUDGE STREETT ON 12/08/16
        ** DENIED - CASE RETURNED TO THE PD'S OFFICE **
23   12/30/2016        12/30/2016
        SUBPOENA(S) MAILED FOR MOTION ON 01/10/17 VOP CALENDAR AT 9:00AM.
24   01/09/2017        01/09/2017
        TRANSCRIPT FILED.
        TRANSCRIPT OF HEARING - DECEMBER 2, 2016
        BEFORE THE HONORABLE DIANE CLARKE STREETT
        LYNNE BELL COALE, COURT REPORTER
        01/10/2017        01/10/2017                 STREETT DIANE CLARKE
        MOTION FOR RECONSIDERATION - DENIED.
        PREVIOUSLY GRANTED MOTION IS VACATED.
        CASE IS RETURNED TO THE PD'S OFFICE FOR REPRESENTATION OF DEFENDANT.
25   01/17/2017        01/17/2017
        SUBPOENA(S) MAILED FOR SUPPRESSION HEARING ON 1/27/17 AT 10:00AM.
26   01/18/2017        01/18/2017                 WHARTON FERRIS W
        LETTER FROM: JUDGE WHARTON   TO: KATHRYN VAN AMERONGEN, ESQ.
        RE: LETTER DATED 01/17/17
        THE COURT HAS REVIEWED THE STATE'S MOTION IN LIMINE TO EXCLUDE
        IRRELEVANT EVIDENCE PURSUANT TO DELAWARE RULE OF EVIDENCE 402 FILED ON
        NOVEMBER 21, 2016. I AM INSTRUCTING THE DEFENSE TO FILE ITS RESPONSE

SUPERIOR COURT CRIMINAL DOCKET                    Page    5
( as of   08/16/2018 )

                                                    DOB: 07/11/1982
State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H ZUBROW , Esq.          AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.       MARK SHOTWELL

No.   Event Date       Docket Add Date                 Judge
      Event
-------------------------------------------------------------------------
      TO THE MOTION WITHIN TWENTY DAYS OF THE DATE OF THIS LETTER.
27   01/25/2017        01/26/2017
     MEMORANDUM OF SPECIAL ASSIGNMENT FILED.
     THE ABOVE-REFERENCED TERRORISTIC THREATENING CASE HAS BEEN ASSIGNED
     TO YOU FOR ALL PURPOSES INCLUDING TRIAL. YOU HAVE A SUPPRESSION
     HEARING SCHEDULED IN THIS CASE FOR JANUARY 27, 2017.
     THE ASSIGNED DEPUTY ATTORNEY GENERAL IS ERIC ZUBROW, AND DEFENSE
     COUNSEL IS KATHRYN VAN AMERONGEN.
28   01/27/2017        01/27/2017                    WHARTON FERRIS W
     TRIAL CALENDAR/SUPPRESSION HEARING:  MOTION DENIED FOR REASONS STATED
     ON RECORD. STATE'S MOTION IN LIMINE GRANTED SUBJECT TO REASONS STATED
     ON RECORD. NO EVIDENCE.
     OFFICE CONF. TO BE SCHEDULED ADDRESSING MOTION TO RETURN PROPERTY.
     DAG: ZUBROW/BLOOM   DEFENSE: VAN AMERONGEN   CR: ARCHER   CC: GULICK
29   01/27/2017        01/27/2017                    WHARTON FERRIS W
     MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE(IN REF. TO 19) GRANTED
     AND NOW, TO WIT, THIS 27TH DAY OF JANUARY, 2017, THE FOREGOING MOTION
     IN LIMINE HAVING BEEN HEARD AND CONSIDERED, IT IS HEREBY:
     ORDERED THAT THE MOTION IS GRANTED SUBJECT TO RECONSIDERATION AT TRIAL
     UPON A SHOWING THAT THE INCLUDED EVIDENCE IS RELEVANT.
           SIGNED BY JUDGE WHARTON.
30   01/27/2017        01/27/2017
     MOTION FOR RETURN OF PROPERTY FILED.
     BY KATHRYN VAN AMERONGEN, ESQ
     REFERRED TO JUDGE WHARTON ON 01/27/17
31   02/16/2017        02/16/2017
     OFFICE CONFERENCE PROCEEDING HELD BEFORE JUDGE WHARTON ON 02/16/17.
     THE FOLLOWING DATES WERE ESTABLISHED:
     1. FINAL CASE REVIEW 6/5/17, SHOULD BE PLACED ON JUDGE WHARTON'S
     CALENDAR;
     2. TRIAL- 06/13/2017.
     DAG-ZUBROW/BLOOM
     DEF-VAN AMERONGEN
     CR-L.MANCINI
     CC-R.GRANT
32   02/17/2017        02/17/2017
     SCHEDULING ORDER ISSUED
     THE FOLLOWING COURT DATES ARE ESTABLISHED:
     (A) FIRST CASE REVIEW
     (B) FINAL CASE REVIEW
     (C) TRIAL 06/13/2017
33   02/20/2017        02/20/2017

```
                    SUPERIOR COURT CRIMINAL DOCKET              Page    6
                         ( as of  08/16/2018 )

                                                        DOB: 07/11/1982
State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H. ZUBROW , Esq.        AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.      MARK SHOTWELL

No.  Event Date       Docket Add Date                    Judge
      Event
-------------------------------------------------------------------------
      SCHEDULING ORDER ISSUED
      THE FOLLOWING COURT DATES ARE ESTABLISHED:
      (A) FIRST CASE REVIEW
      (B) FINAL CASE REVIEW 06/05/2017
      (C) TRIAL 06/13/2017
34   02/21/2017          02/21/2017
      SUBPOENA(S) MAILED FOR FINAL CASE REVIEW ON 06/05/17.
35   02/21/2017          03/01/2017
      LETTER FROM: JUDGE WHARTON TO: COUNSEL  .
      LETTER DATED: 02/20/2017
      RE: AT A SCHEDULING CONFERENCE HELD ON FEBRUARY 16, 2017, THE COURT
      ESTABLISHED THE FOLLOWING DATES:
      1. FINAL CASE REVIEW WILL BE HELD ON JUNE 5, 2017.
      2. TRIAL WILL COMMENCE WITH JURY SELECTION ON JUNE 13, 2017 AT 10:00AM
      THE ABOVE DATES ARE FIRM DATES AND MAY BE EXTENDED ONLY BY APPLICATION
      FOR GOOD CAUSE SHOWN.
36   04/26/2017          04/26/2017
      SUBPOENA(S) MAILED FOR PLEA HEARING ON 05/03/17 AT 9:00
37   05/02/2017          05/02/2017
      INFORMATION FILED.
38   05/03/2017          05/03/2017                WHARTON FERRIS W
      CASE REVIEW PLEA HEARING:  PLED GUILTY/SENTENCED
      NO CONTEST PLEA
39   05/03/2017          05/15/2017                WHARTON FERRIS W
      SENTENCE: ASOP ORDER SIGNED AND FILED ON 5/15/17.
40   05/30/2017          05/30/2017
      MOTION FOR RETURN OF PROPERTY - MOOT.  PER ERIC ZUBROW, ESQ., DEF. HAS
      RETRIEVED HIS PROPERTY FROM DSP.  I BELIEVE THAT THIS IS A NON ISSUE
      AT THIS POINT.
41   05/30/2017          05/31/2017
      SUBPOENA(S) MAILED TO DEFENDANT FOR TRIAL ON 06/13/17
42   06/22/2017          06/22/2017                WHARTON FERRIS W
      VIOLATION OF PROBATION REPORT FILED AND SUMMONS REQUESTED.
      PROBATION OFFICER: LAUREN PRESS
      LEVEL: 1
      VOP SCHEDULED FOR:  07/12/2017 AT 09:00 AM BEFORE JUDGE WHARTON
      REPORT NUMBER: 542707
43   06/30/2017          06/30/2017
      SUBPOENA(S) MAILED FOR VOP HEARING ON 07/12/17 AT 9:00.
     07/12/2017          07/12/2017                WHARTON FERRIS W
      VIOLATION OF PROBATION CONTINUED
      DEFENDANT'S REQUEST-OTHER CHARGES.
```

```
                    SUPERIOR COURT CRIMINAL DOCKET          Page     7
                      ( as of  08/16/2018 )

                                                    DOB: 07/11/1982
State of Delaware v.  MARK J SHOTWELL
State's Atty: ERIC H ZUBROW , Esq.          AKA: MARK SHOTWELL
Defense Atty: KATHRYN VAN AMERONGEN , Esq.        MARK SHOTWELL

No.   Event Date    Docket Add Date                    Judge
      Event
---------------------------------------------------------------------
44  09/29/2017         09/29/2017
      SUBPOENA(S) MAILED FOR VOP HEARING 10/11/17 AT 9:00.
      10/11/2017         10/11/2017              WHARTON FERRIS W
      VIOLATION-OF-PROBATION HEARING:  VIOLATION DISMISSED BY THE COURT.
      AND DEFENDANT DISCHARGED FROM PROBATION.
                                                WHARTON FERRIS W
45  10/11/2017         10/17/2017
      SENTENCE:_VOP ASOP ORDER SIGNE AND FILED ON 10/13/2017.

            *** END OF DOCKET LISTING AS OF  08/16/2018 ***
                PRINTED BY: JAGRJOD
```

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

     VS.

MARK J SHOTWELL

Alias: See attached list of alias names.

DOB: 07/11/1982
SBI: 00411092

CASE NUMBER:
N1607002292

IN AND FOR NEW CASTLE COUNTY
CRIMINAL ACTION NUMBER:
N17-05-0016I
DISORD CONDUCT(M)

Nolle Prosequi on all remaining charges in this case
ALL SENTENCES OF CONFINEMENT SHALL RUN CONSECUTIVE

## SENTENCE ORDER

NOW THIS  3RD DAY OF MAY, 2017, IT IS THE ORDER OF THE
COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

  AS TO N17-05-0016-I : TIS
DISORD CONDUCT

Effective May  3, 2017  the defendant is sentenced
as follows:

  - The defendant is placed in the custody of the Department
of Correction for 30 day(s) at supervision level 5

   - Suspended for 90 day(s) at  supervision level 1

**APPROVED ORDER**      1      August 16, 2018  9:48

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
          VS.
MARK J SHOTWELL
DOB: 07/11/1982
SBI: 00411092

CASE NUMBER:
     1607002292

The defendant shall pay any monetary assessments ordered
during the period of probation pursuant to a schedule of
payments which the probation officer will establish.

## NOTES

This is a No Contest Plea.

_____
JUDGE FERRIS W WHARTON

**APPROVED ORDER**        2        August 16, 2018   9:48

## FINANCIAL SUMMARY

STATE OF DELAWARE
      VS.
MARK J SHOTWELL
DOB: 07/11/1982
SBI: 00411092

                    CASE NUMBER:
                      1607002292


SENTENCE CONTINUED:

| | |
|---|---:|
| TOTAL DRUG DIVERSION FEE ORDERED | |
| TOTAL CIVIL PENALTY ORDERED | |
| TOTAL DRUG REHAB. TREAT. ED. ORDERED | |
| TOTAL EXTRADITION ORDERED | |
| TOTAL FINE AMOUNT ORDERED | |
| FORENSIC FINE ORDERED | |
| RESTITUTION ORDERED | |
| SHERIFF, NCCO ORDERED | 90.00 |
| SHERIFF, KENT ORDERED | |
| SHERIFF, SUSSEX ORDERED | |
| PUBLIC DEF, FEE ORDERED | 100.00 |
| PROSECUTION FEE ORDERED | 100.00 |
| VICTIM'S COM ORDERED | |
| VIDEOPHONE FEE ORDERED | 1.00 |
| DELJIS FEE ORDERED | 1.00 |
| SECURITY FEE ORDERED | 10.00 |
| TRANSPORTATION SURCHARGE ORDERED | |
| FUND TO COMBAT VIOLENT CRIMES FEE | 15.00 |
| SENIOR TRUST FUND FEE | |
| AMBULANCE FUND FEE | |
| **TOTAL** | 317.00 |

**APPROVED ORDER**     3     August 16, 2018  9:48

## LIST OF ALIAS NAMES

STATE OF DELAWARE
        VS.
MARK J SHOTWELL
DOB: 07/11/1982
SBI: 00411092

CASE NUMBER:
    1607002292

MARK SHOTWELL

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

    VS.

MARK J SHOTWELL

Alias: See attached list of alias names.

DOB: 07/11/1982
SBI: 00411092

CASE NUMBER:
N1607002292

IN AND FOR NEW CASTLE COUNTY
CRIMINAL ACTION NUMBER:
  VN17-05-0016-01
  VIOL O/PROBATN
    ORIG. CHARGE:
    DISORD CONDUCT(M)

## VIOLATION OF PROBATION SENTENCE ORDER

NOW THIS 11TH DAY OF OCTOBER, 2017, IT IS THE ORDER OF THE
COURT THAT: The defendant is found  not in violation.
Defendant is sentenced as follows:

  AS TO VN17-05-0016-01 : TIS 11 Del.C.1301001AM
VIOL O/PROBATN - VIOLATION DISMISSED

Effective October 11, 2017  the defendant is sentenced
as follows:

 - This violation is hereby discharged.

## SPECIAL CONDITIONS BY ORDER

STATE OF DELAWARE
      VS.
MARK J SHOTWELL
DOB: 07/11/1982
SBI: 00411092

CASE NUMBER:
1607002292

For the purposes of ensuring the payment of costs, fines, restitution and the enforcement of any orders imposed, the court shall retain jurisdiction over the convicted person until any fine or restitution imposed shall have been paid in full. This includes the entry of a civil judgment pursuant to 11 Del.C. 4101 without further hearing.

JUDGE FERRIS W WHARTON

\*\*APPROVED ORDER\*\*    2    August 16, 2018   9:48

LIST OF ALIAS NAMES

STATE OF DELAWARE
        VS.
MARK J SHOTWELL
DOB: 07/11/1982
SBI: 00411092

                        CASE NUMBER:
                          1607002292


MARK SHOTWELL


**APPROVED ORDER**      3      August 16, 2018   9:48

PGS  38

Full BG

No Contest Plea

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## PLEA AGREEMENT

State of Delaware v. Mark J. Shotwell          Case No(s) : 1607002292

C.A. No(s) : IN16071517-18

| | |
|---|---|
| ☐ Title 16, §4751B – Prior qualifying Title 16 convictions | ☐ Title 21: |
| ☐ Title 11, §4120, §4121 – Sex offender registration required | ☐ BAC: |
| ☐ Title 11, §4336 – Sex offender notification required | ☐ DUI ☐ No BAC or Drug |
| ☐ Title 11, §4101(e) - School Teacher or Administrator convicted of a listed crime | ☐ Refusal of Test |

DEFENDANT WILL PLEAD: NOLO CONTENDERE (NO CONTEST) TO:

| Count | Crim. Act. No. | Charge (If LIO, Indicate and Include applicable citation) |
|---|---|---|
| 1 | INFORMATION | Disorderly Conduct (unclassified misdemeanor)   N17-05 0016 |
| | | |
| | | |
| | | |

Upon the sentencing of the defendant, a *nolle prosequi* is entered on:

☒ all remaining charges on this case.    ☐ the following charges:

SENTENCE:  State and Defendant request: ☐ PSI ☒ Immediate Sentencing ☐ Deferred Sentencing
Recommendation/Agreement: STATE AND DEFENDANT AGREE to recommend:
Sentence Terms: Level V is consecutive. Probation is concurrent.

30 days at Level V, suspended for 90 days at Level I

☐ Bail must be revoked pursuant to 11 Del. C §2104(f) (non-Title 21 minimum mandatory charge present)

STATE AND DEFENDANT AGREE TO THE FOLLOWING:

☐ The defendant agrees     is a Habitual Offender and therefore subject to sentencing pursuant to 11 Del. C.
  ☐ §4214(a)  ☐ §4214(b) ☐ §4214(c) ☐ §4214(d) due to the following prior convictions:

☐ Restitution:
☒ No unlawful contact with Delaware State Police
☐ Other Conditions:

Is this <u>one</u> page the complete Plea Agreement? Yes

DAG  Eric Zubrow/Matthew C. Bloom          DEF. COUNSEL      Kathryn van Amerongen, Esq.
print name                                                      print name

*signature*                                                      signature        date   5/3/17

Date 03/27/2017                      DEFENDANT X                                5/3/17
                                                                signature        date

☐ I have reviewed this offer with counsel, have chosen <u>NOT TO ACCEPT</u> this offer, and understand that this offer
will remain open until April 10, 2017, and may not be extended again.
                                      DEFENDANT
                                                                signature        date

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IMMEDIATE SENTENCING FORM

State of Delaware v.   Mark J. Shotwell          Case No(s): 1607002292

**DEPARTMENT OF JUSTICE RECORDS INDICATE THE FOLLOWING CONVICTIONS SINCE 1988:**
Prior violent (Title 11, §4201(c)) felonies (Specify crime and year of conviction):

Prior non-violent felonies (Specify crime and year of conviction):

Prior misdemeanors (Specify crime and year of conviction): Possession/Consumption of Alcohol (x3) (DE 2002, 2003); Possession/Use of a Controlled Substance (x2) (DE 2001); Possession of Drug Paraphernalia (DE 2001)

Relevant Juvenile Adjudications (specify adjudication and year of adjudication):

| | Yes | No |
|---|---|---|
| Was the Defendant on Superior Court probation at the time of the crime? | ☐ Yes | ☒ No |
| Was the crime committed while the Defendant was pending trial/sentencing in Delaware? | ☐ Yes | ☒ No / ☐ Unknown |
| Will this plea result in an enhanced penalty and/or a minimum mandatory penalty? | ☐ Yes | ☒ No |

_Matthew C. Bloom_                 Eric Zubrow/Matthew C. Bloom          03/27/2017
Deputy Attorney General              Print name                         Date

**TO BE COMPLETED BY DEFENDANT:**

| | Yes | No |
|---|---|---|
| Have you previously been declared a §4214 habitual offender? | ☐ Yes | ☒ No |
| Do you agree that the State's description of your criminal record is correct? | ☒ Yes | ☐ No |
| If no, explain your disagreement. | | |
| Do you have any felony convictions, since 1988, in addition to those listed above? | ☐ Yes | ☒ No |
| Was the crime in this case committed while you were released on bail? | ☐ Yes | ☒ No |
| Was the crime in this case committed while you were on probation? | ☐ Yes | ☒ No |
| If yes, what court and probation level? | | |
| Are you a school teacher or administrator? | ☐ Yes | ☒ No |
| Have you been sentenced to, or participated in, a substance abuse program before? | ☐ Yes | ☒ No |
| Describe program(s): | | |

Any false statements made on this paper are punishable under 11 Del. C. §1233.

X _____          Mark J. Shotwell          5 / 3 / 17
Defendant                          Print name               Date

## TRUTH-IN-SENTENCING GUILTY PLEA FORM
### IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE

v.

Mark Shotwell

Date of Birth: 7/11/82

) ID: 1607002292
)
)
) CRA: _____
)

Last grade in school completed: College - UD

| | Yes | No |
|---|---|---|
| Have you ever been a patient in a mental hospital? | ☐ | ☒ |
| Are you under the influence of alcohol or drugs at this time? | ☐ | ☒ |
| Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? | ☒ | ☐ |
| Have you been promised anything that is not stated in your written plea agreement? | ☐ | ☒ |
| Has your lawyer, the State, or anyone threatened or forced you to enter this plea? | ☐ | ☒ |

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional rights:

(1)  to have a lawyer represent you at trial;
(2)  to be presumed innocent until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(3)  to a speedy and public trial by jury;
(4)  to hear and question the witnesses against you;
(5)  to present evidence in your defense;
(6)  to testify or not testify yourself; and,
(7)  to appeal, if convicted, to the Delaware Supreme Court with assistance of a lawyer?          ☒ Yes   ☐ No

| OFFENSE | STATUTORY PENALTY Incarceration | MINIMUM MANDATORY (if any) | TIS GUIDELINE | Amount of Fine (range if applicable) |
|---|---|---|---|---|
| Disorderly Conduct Unclassified misd. | 0-30 days LS | Φ | * up to #575, C | $ Restitution only |
| | | | | 10:1 |
| | | | | |
| | | | | |

TOTAL CONSECUTIVE MAXIMUM PENALTY: Incarceration: 30 days LS   Fine: $575

*NON-CITIZENS: Are you aware that conviction of a criminal offense may result in deportation/removal, exclusion from the United States, or denial of naturalization?*

| | Yes | No |
|---|---|---|
| | ☒ | ☐ |
| Is there a minimum mandatory penalty? | ☐ | ☒ |
| Is there a mandatory revocation of driver's license or privileges as a result of your plea? | ☐ | ☒ |
| If so, what is the length of revocation? _____ years | | |
| Has anyone promised you what your sentence will be? | ☐ | ☒ |
| Were you on probation or parole at the time of this offense?  (A guilty plea may constitute a violation.) | ☐ | ☒ |
| Do you understand that a guilty plea to a felony will cause you to lose your right to vote, to be a juror, to hold public office, to own or possess a deadly weapon, and other civil rights? | ☒ | ☐ |
| Is this an offense which results in the loss of the right to own or possess a deadly weapon? | ☐ | ☒ |
| Are you satisfied with your lawyer's representation of you, and that your lawyer has fully advised you of your rights? | ☒ | ☐ |
| If this is an offense which requires registration as a sex offender, has your lawyer discussed those requirements with you? | ☐ | ☒ |
| Have you read and understood all the information in this form? | ☒ | ☐ |
| Are all your answers truthful? | ☒ | ☐ |

Defense Counsel: _____   Date: 5/3/17   Defendant: (X) _____

Print Name: Van Amerongen #2980          Print Name: Mark Shotwell

Copies: Superior Court, Attorney General, Attorney for Defendant, Defendant

Revised 12/2015

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| STATE OF DELAWARE | ) | INFORMATION BY THE |
|---|---|---|
| v. | ) | ATTORNEY GENERAL |
| MARK SHOTWELL | ) | I.D. #1607002292 |

37

MATTHEW P. DENN, Attorney General of the State of Delaware by the undersigned

Deputy Attorney General BY INFORMATION alleges that MARK SHOTWELL did commit the

following offense:

<u>COUNT I. A MISDEMEANOR</u>

#N 17-05-0016

DISORDERLY CONDUCT in violation of Title 11, Section 1301 of the Delaware

Code, MARK SHOTWELL, on or about the 3rd day of July, 2016, in the County of New

Castle, State of Delaware, did intentionally cause public inconvenience, annoyance or alarm to

Geoffrey Biddle by engaging in violent, tumultuous or threatening behavior.

MATTHEW P. DENN

ATTORNEY GENERAL

DEPUTY ATTORNEY GENERAL

```
Case Info. displayed successfully
GC912A                                                                        8:07 AM
May  2,17                  - Case Control Overview -

Case # 1607002292_ S.B.I.# 00411092 Judge WHARTON      Status: SA CC    PSYORD
 SHOTWELL MARK J.                    Comp. Ind   DOB: 07111982
DOC Info.   NO DOC INFORMATION AVAILABLE
                                                                          C/VOP

  001  N16071211      PUBL OFFICIAL    DISM  09302016
  002  IN16071517     PUBL OFFICIAL               RSEC   500.00
  003  IN16071518     HARASSMENT                  RSEC   500.00
  004  I              DISORD CONDUCT


 DAG:  ZUBROW ERIC H                     DEF:  VAN AMERONGEN KATHRYN
 Offense: 06082016  IND/INFO: 09122016  Case Rev:      Sentence:
 Arrest: 07032016   Arrgn:            Trial:       PF6 FOR SCHED. DATES
    CO-DEF.              -----Trial-----   CO-DEF.        -----Trial-----


                                Court S      County N
Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn CHRGS PARTC DOCKT SCHED bkwrd frwrd          BAILH WANTD main
```

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 27, 2018, he caused *Defendants Sapp, Sawyer, Gatti, Martin, and Taylor's Memorandum of Law in Support of Motion to Dismiss* to be filed with the Clerk of Court using CM/ECF and which will be delivered to the following person/s by U.S. Mail postage prepaid:

Mark Shotwell
11 W. Main Street
Newark, DE 19702

Plaintiff

<div style="margin-left:50%">

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**
/s/ Michael F. McTaggart
Michael F. McTaggart (#2682)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400
michael.mctaggart@state.de.us
Attorney    for   Defendants   Sapp,
Sawyer, Gatti, Martin, and Taylor

</div>

16