# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Mark J. Shotwell, : | |
|        Plaintiff, : | |
| : | |
|     v. : | Civil Action No. 18-984-RGA |
| : | |
| Captain Jason Sapp, : | |
| Captain Pete Sawyer, : | |
| Det. Gatti, : | |
| Sgt. Christopher Martin, : | |
| Sgt. Matthew Taylor, : | |
| Unnamed Officers who participated in the : | |
| search of Plaintiff's residence and/or electronics : | |
|        Defendants. : | |

**DEFENDANTS SAPP, SAWYER, GATTI, MARTIN, AND TAYLOR'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

## I. NATURE AND STAGE OF PROCEEDINGS

1. On August 27, 2018, defendants filed a Motion to Dismiss the Complaint in this case. On September 4, 2018, plaintiff filed a single document titled as "Plaintiff's Motion to Amend and Response to Defendants' Motion to Dismiss." (D.I. 13). This is the defendants' Response to plaintiff's Filing.

2. In his filing, plaintiff takes issue with the defendants' reliance on a Statute of Limitations claim in their Motion to Dismiss. Defendants withdraw that Statute of Limitations argument. Plaintiff is correct that the Complaint was filed on July 2, 2018. (D.I. 1).

3. Plaintiff's Filing is styled as a "Motion to Amend" but does not contain any motion in support of an amendment under FED. R. CIV. PRO. R. 15. Plaintiff also has not filed a proposed amended pleading. Even as a *pro se* litigant, plaintiff is required to follow the procedural rules of the Court. District of Delaware Local Rule 15.1 provides:

> A party who moves to amend a pleading shall attach to the motion:
> (a) The proposed pleading as amended, complete with a handwritten or electronic signature;
> (b) A form of the amended pleading which shall indicate in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added….

D. DEL. LOCAL RULE 15.1. Plaintiff has failed to comply with any of the provisions of this Rule. He has not filed a motion, nor has he filed a proposed pleading with reference to the amended portions. The Court should not be required to consider an argument that is raised in passing, and any purported motion to amend should be denied. *See Requena v. Roberts*, 893 F.3d 1195, 1196 (10th Cir. 2018) (district court did not err in denying *pro se* proposed amendment that did not indicate how it would cure the deficiencies of the complaint; proper motion to amend must be accompanied by a proposed amended complaint or a detailed description of the proposed amendments and purpose for the amendment) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (complaint must be based on "reality-based facts" that can decide if the amendment would be fruitful)).

4. **LACK OF PERSONAL INVOLVEMENT**. Plaintiff attempts to salvage his claims against named defendants Captain Jason Sapp, Captain Pete Sawyer, and Detective Gatti by submitting information outside of the Complaint.

5. Regarding Captain Sapp, plaintiff argues that this officer had numerous conversations with Mr. Shotwell and should have been aware of some vague police issues. Plaintiff bases this assertion on his allegations in another lawsuit he has filed. Plaintiff closes with an argument that all this adds up to *respondeat superior* liability for Captain Sapp. *See* D.I. 13 at *3-4. Plaintiff's claim is legally barred. As stated in the Opening Memorandum, there is no *respondeat superior* liability under 42 U.S.C. section 1983 and this claim should be dismissed, without reaching the inappropriate reliance on bare allegations in another lawsuit. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

6. Plaintiff also makes conclusory arguments regarding Captain Pete Sawyer alleging that this officer had a legal obligation to oversee the actions of the other officers under his command, and is therefore, liable in his official capacity. *See* D.I. 13 at *4-5. The Court is not required to accept plaintiff's conclusions of law regarding the legal duties of Captain Sawyer, and these statements in the Filing should be disregarded. *See Ashcroft v.Iqbal*, 556 U.S. 662, 679 (2009) (Rule 8 does not require court to accept legal conclusions as true). Furthermore, to the extent plaintiff is now attempting to sue Captain Sawyer in his official capacity,

that claim is barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

7. Plaintiff also raises allegations that Detective Gatti was an officer who searched his house unlawfully, including opening a safe in the house. These allegations are not contained in the Complaint and plaintiff should be limited to the allegations in the Complaint. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (court at motion to dismiss stage generally may only consider the allegations in the complaint along with the attached exhibits and matters of public record).

8. Regarding the claimed search of the safe, even assuming that Detective Gatti or another named defendant conducted said search, there was no need to obtain a separate search warrant. As outlined in defendants' Opening Memorandum of Law, defendants had a valid search warrant to search the residence. Based on that legal entry, the Supreme Court has held:

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorized an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found…. [N]ice distinctions between closets, drawers, and containers … must give way to the interest in the prompt and efficient completion of the task at hand.

*United States v. Ross*, 456 U.S. 798, 820-21 (1982); *see also United States v. Pringle,* 53 F. App'x 65, 71 (10th Cir. 2002) (search warrant to search residence for drugs authorized search of locked safes found on the property; quoting *United States v. Ross*).

9. Plaintiff also now argues for the first time that Detective Gatti seized personal electronics such as computers, cell phones, and media storage devices from plaintiff's house without probable cause, and conducted highly intrusive searches on these objects. *Plaintiff's Filing* at *5. Plaintiff's claim, not asserted in the Complaint, is legally incorrect. The Search Warrant, in the section "Items to be Searched for and Seized," listed "computers, laptop computers, … cellular phones. Any and all media devices…." *See Defendants' Memorandum of Law in Support of Motion to Dismiss*, Exhibit #1-Declaration of Sergeant Matthew Taylor-Copy of Search Warrant-page 8/13 (D.I. 12). If Detective Gatti seized these items, the seizure was within the scope of the signed Search Warrant and complied with the Fourth Amendment. *See United States v. Krupa,* 658 F.3d 1174, 1178 (9th Cir. 2011) (court upheld search of fifteen computers at house based on report of one contraband image and report of child neglect); *United States v. Brobst*, 558 F.3d 982, 993-94 (9th Cir. 2009); *United States v. Lacy*, 119 F.3d 742, 746 (9th Cir. 1997).

10. **WRONGFUL ARREST CLAIM/ILLEGAL SEARCH CLAIM**. Plaintiff makes a general and extremely vague claim that defendant Sergeant Taylor omitted exculpatory information from the search warrant and the arrest warrant. *Plaintiff's Filing* at *7, 9. Plaintiff provides no other details on this *Franks* claim and this claim fails as a matter of law. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (defendant must make a substantial preliminary showing that alleges a knowing and intentional or reckless disregard for the truth, and evidence that the false statements were the basis for probable cause); *United States v. Brown*, 3 F.3d 673, 676-78 (3d Cir. 1993) (challenge to truth of affidavit was not sufficient for a *Franks* hearing when defendant offered no evidence that the affiant knowingly or recklessly gave false statements).

11. **EXCESSIVE FORCE CLAIM.** Similar to his claims involving the search warrant, plaintiff makes very vague claims of excessive force against defendant Sergeant Christopher Martin. *Plaintiff's Filing*, at *15. Plaintiff merely alleges that Sergeant Martin had contact with plaintiff on a number of occasions over the course of an hour. Such a vague claim fails to meet the minimum requirements for a § 1983 excessive force claim as it fails to even describe any of the alleged use of force, any of the conditions under which the force was used, or how the force should be found to be excessive. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove, even if it may later seem unnecessary

6

in the peace of a judge's chambers, violates the Fourth Amendment."); *see also See Iqbal,* 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

12. **QUALIFIED IMMUNITY**.  Defendants previously argued that they were entitled to qualified immunity as part of the Motion to Dismiss.  Plaintiff relies on a number of cases in opposition that are either distinguishable or simply not applicable.  *See Groh v. Ramirez,* 540 U.S. 551, 557-58 (2004) (search warrant that failed to describe the "persons or things to be seized" was plainly invalid under the Fourth Amendment); *Cassady v. Goering*, 567 F.3d 626, 635 (10th Cir. 2009) (warrant that impermissibly authorized a search of a farm for any illegal evidence not related to any crime was an invalid general warrant); *San Jose Chapter of the Hells Angels v. City of San Jose,* 402 F.3d 962, 972 (9th Cir. 2005) (seizure of truckloads of evidence from multiple sites to attempt to prove membership in Hells Angels was unreasonable search under Fourth Amendment); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (ruling that supervisor could not be held liable under a theory of *respondeat superior* but could be personally liable for denial of courts claim if he ordered that prisoners could not access filing materials); *Byrd v. Brishke*, 466 F.2d 6, 10 (7th Cir. 1972) (permitting failure to intervene claim against police officers who were present at the scene of alleged assault under section 1983 and failed to take actions to protect plaintiff);

*Williams v. County of Santa Barbara*, 272 F. Supp. 2d 995, 1005-06 (C.D. Cal. 2003) (invalidating search warrant that failed to establish probable cause that evidence would be found in residence and was overbroad in seeking all possible pieces of evidence). None of the cases cited by the plaintiff were controlling case law that would have put the defendants on notice that they could not execute a valid search warrant and seize items listed in that search warrant. *See United States v. Primo,* 223 F. App'x 187, 190 (3d Cir. 2007) (officer who executes a search pursuant to a warrant typically does so in good faith unless evidence of narrow exceptions); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 484-85 (3d Cir. 1995) (officers entitled to qualified immunity for reasonably relying on information in arrest warrant for plaintiff's arrest on charge of official misconduct). Therefore, defendants renew their motion to dismiss and for qualified immunity on these claims.

        **STATE OF DELAWARE**
        **DEPT. OF JUSTICE**
        /s/ Michael F. McTaggart
        Michael F. McTaggart (#2682)
        Deputy Attorney General
        820 N. French Street, 6th Floor
        Wilmington, DE 19801
        (302) 577-8400
        Attorney for Defendants Sapp, Sawyer, Gatti, Martin, and Taylor

DATED: September 12, 2018

# **CERTIFICATE OF SERVICE**

The undersigned certifies that on September 12, 2018, he caused Defendants' Reply Memorandum of Law in Support of Motion to Dismiss and in Opposition to Plaintiff's Motion to Amend to be filed with the Clerk of Court using CM/ECF and which will be delivered to the following person/s by U.S. Mail postage prepaid:

>Mark Shotwell
>11 W. Main Street
>Newark, DE 19702
>Plaintiff

>**STATE OF DELAWARE**
>**DEPARTMENT OF JUSTICE**
>/s/ Michael F. McTaggart
>Michael F. McTaggart (#2682)
>Deputy Attorney General
>820 N. French Street, 6th Floor
>Wilmington, DE 19801
>(302) 577-8400
>michael.mctaggart@state.de.us
>Attorney for Defendants Sapp, Sawyer, Gatti, Martin, and Taylor