IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MARK J. SHOTWELL, :
       Plaintiff, :
   v. : Civil Action No. 18-984-RGA
CAPTAIN JASON SAPP, et al., :
       Defendants. :

---

Mark J. Shotwell, Newark, Delaware. Pro Se Plaintiff.

Michael F. McTaggart, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Captain Jason Sapp, Captain Pete Sawyer, Detective Gatti, Sergeant Christopher Martin, and Sergeant Matthew Taylor.

**MEMORANDUM OPINION**

March *6* , 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Mark J. Shotwell filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). Plaintiff appears *pro se* and has paid the filing fee. Before the Court is a motion to dismiss filed by Defendants Captain Jason Sapp, Captain Pete Sawyer, Detective Gatti, Sergeant Christopher Martin, and Sergeant Matthew Taylor ("Defendants"). (D.I. 11). Plaintiff opposes the motion and has filed a combined opposition and motion to amend. (D.I. 13). Briefing is complete.

## BACKGROUND

Plaintiff was arrested at his home on July 3, 2016, and handcuffed behind his back. (D.I. 2 at 7). He alleges that Martin, who was involved in Plaintiff's transport, taunted and shoved him. (*Id.* at 7-8). When he returned home, he discovered his house and personal effects had been ransacked and his electronics had been seized. (*Id.* at 8).

Plaintiff alleges his First Amendment rights were violated when he was wrongfully arrested for posting "terroristic threats" on the internet. (*Id.* at 8). Plaintiff alleges that his post is protected by the First Amendment. (*Id.* at 9). Plaintiff further alleges that Taylor used the content displayed on Plaintiff's social media account to "maliciously and unjustifiably compel a judge/magistrate to believe that [Plaintiff] was unlawfully in possession of various firearms, suppressors, swords, and deadly weapons." (*Id.*). Plaintiff alleges that Taylor laughed at him when Plaintiff complained about Martin's

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

conduct even though Plaintiff had clearly visible ligature marks on his wrist several hours after the handcuffs were removed. (*Id.* at 10-11).

Plaintiff alleges his Fourth Amendment rights were violated when officers involved in the raid and search of his residence "chose to disregard [Plaintiff's] rights to an unreasonable search and seizure (sic) and relied on 'general warrants' which were overly broad in scope and unjustly used to 'blanket' [Plaintiff's] entire digital universe." (*Id.* at 11). Plaintiff alleges the officers searched a locked gun safe that was not included on any of the search warrants. (*Id.*). Plaintiff alleges the officers performed "overly-invasive searches of all [his] computers, cellular phones, and media storage devices." (*Id.*). He alleges the investigating officers lacked the necessary probable cause required to obtain a valid search warrant. (*Id.* at 12). Plaintiff alleges that Taylor "chose to intentionally disillusion a judge/magistrate with misleading information he swore to, and was provided a 'general warrant' which was then used without limitation." (*Id.* at 13).

Defendants move to dismiss pursuant to Rule 12(b)(6) on the grounds that: (1) the Complaint is legally defective as to Sapp, Sawyer, and Gatti for lack of personal involvement; (2) the wrongful arrest claim is conclusory, is barred by *Heck v. Humphrey*, and is barred because Plaintiff was arrested pursuant to a valid arrest warrant; (3) the search warrant at issue was not a general warrant and the Fourth Amendment claim fails as a matter of law; (4) to the extent Plaintiff raises an excessive force claim, the allegations fail to state a claim upon which relief may be granted; and (5) Defendants

have qualified immunity.[2] (D.I. 12). Plaintiff opposes the motion to dismiss and moves to amend. (D.I. 13).

## LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec.*

---

[2] Defendants withdrew the portion of their motion to dismiss that sought dismissal on the grounds that the Complaint was time-barred. (*See* D.I. 14 at ¶ 2). The Court does not address the issue of qualified immunity, finding it premature at this time.

3

*Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

**Personal Involvement.** Defendants move for dismissal of Sapp, Sawyer, and Gatti for lack of personal involvement, noting there are no allegations raised against them, and they are only mentioned in the caption of the Complaint. Plaintiff responds by referring to conversations and actions of the foregoing defendants. (D.I. 13 at 3-5, 10). To the extent Plaintiff adds new facts, he may not amend his Complaint through his opposition brief, and the new facts may not be considered by the Court on the instant motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Liability in a § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. In other words, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom.*, *Taylor v.*

4

*Barkes*, 135 S.Ct. 2042 (2015). A plaintiff must plead that each defendant, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Complaint contains no allegations directed towards Sapp, Sawyer, or Gatti. Accordingly, the Court will grant Defendants' motion to dismiss them as Defendants. However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants, he will be given an opportunity to amend his pleading.

**Wrongful Arrest.** Defendants move to dismiss Plaintiff's wrongful arrest claim on the grounds that that claim is pled in a conclusory manner, barred under *Heck v. Humphrey*, and is baseless as Plaintiff was arrested pursuant to a valid arrest warrant. Plaintiff responds that he was arrested in a manner designed to publicly humiliate and intimidate him. (D.I. 13 at 8). As alleged, Plaintiff was arrested pursuant to a warrant for "terroristic threats" against a public official that he posted on his social media account. Plaintiff alleges that no rational person would have believed he was violating the law when viewing his images or posts.

The Court takes judicial notice that on July 3, 2016, Plaintiff was arrested pursuant to an arrest warrant for violations of 11 Del. C. § 1240, intent to threaten the life of or serious physical injury to a public official or public servant, based upon statements and threats to Detective Jeffery E. Biddle that occurred on June 28, 2016 and July 3, 2016. (D.I. 12 at Ex. 1B). Plaintiff seems to allege that he did not violate the law. The Court takes judicial notice that on May 3, 2017, Plaintiff pled no contest to a disorderly conduct charge for Plaintiff's acts of June 28, 2016 taken against Detective Biddle, which is based upon the same conduct that formed the basis of the terroristic

5

threatening charge upon which the arrest warrant was based. (D.I. 12 at 46, 48, 55, 58). There was a nolle prosequi on all other remaining charges in the case. (*Id.* at 48).

To succeed on a claim of false arrest, a plaintiff must show "that the police lacked probable cause to arrest" him. *Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "[I]t is irrelevant to the probable cause analysis what crime a suspect is eventually charged with," because "'[p]robable cause need only exist as to any offense that could be charged under the circumstances.'" *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994)). Although Plaintiff pled no contest to a lesser offense than he was originally charged with, his no contest "plea inherently included an acknowledgement that probable cause existed to arrest him for some offense." *Fields v. City of Pittsburgh*, 714 F. App'x 137, 141 (3d Cir. 2017).

"[A] § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Here, Plaintiff's success on his unlawful arrest claim depends on a finding that the officers lacked probable cause to arrest him, which would directly "impugn[ ] the validity" of his no contest plea. Because his plea has not been invalidated, *Heck* bars Plaintiff's unlawful arrest claim. *See Fields v. City of Pittsburgh*, 714 F. App'x at 140-41.

Plaintiff's no contest plea establishes that officers had probable cause to arrest him, and, therefore, his unlawful arrest claim fails as a matter of law. Defendants' motion to dismiss will be granted as to this claim.

6

**Unlawful Search**. The Complaint alleges that Taylor conducted an unlawful search on July 3, 2016, pursuant to "general warrants." The Complaint alleges the "general warrants" were overly broad in scope and unjustly used to "blanket" Plaintiff's entire digital universe. (D.I. 2 at 11). Defendants move for dismissal on the grounds that a valid search warrant was obtained and signed by a neutral and detached magistrate, it contained two separate applications, and contained a specific list of items for which to search. Thus, Defendants argue, the search warrant was not a general warrant.

Plaintiff responds that Taylor omitted several exculpatory facts from his sworn affidavits and, had those facts been included, a neutral magistrate would have been unable to find probable cause. (D.I. 13 at 9-10). Plaintiff contends the search warrants fail to describe in any specific detail the firearms or electronics Defendants would search for, and the officers relied on "generic catchall terminology to perform a wholesale seizure for anything they might happen to find in Plaintiff's home." (D.I. 13 at 11). In essence, Plaintiff claims the warrant and affidavits were overly broad on their face. Once again, Plaintiff adds new facts to support his claim. (*Id.*). However, as noted above, Plaintiff may not amend his Complaint through his opposition brief, and the new facts may not be considered by the Court on the instant motion to dismiss.

To establish a § 1983 claim based on the argument that a search warrant was invalid because it was based upon false statements contained in the affidavit of probable cause, the plaintiff must allege: (1) the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) such statements or omissions are material,

7

or necessary, to the finding of probable cause. *See Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)).

The Complaint alleges in a conclusory manner that Taylor chose to "disillusion" the "judge/magistrate" with misleading information to obtain the "general warrant." Without more, the Court is unable to determine what effect, if any, the allegedly misleading information may have had on the issuance of the search warrant. For this reason, the Court will grant Defendants' motion to dismiss to the extent it is based on allegations of falsity in the warrant application. Plaintiff, however, will be given leave to amend the claim to cure his pleading defects.

Plaintiff also alleges the search took place pursuant to "general warrants." The Fourth Amendment provides that "no Warrant shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "The particularity requirement 'makes general searches . . . impossible.'" *United States v. Christine*, 687 F.2d 749, 752 (3d Cir.1982). A general warrant authorizes "a general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). "There is a legal distinction between a general warrant, which is invalid because it vests the 'executing officers with unbridled discretion to conduct an exploratory rummaging through [the defendant's] papers in search of criminal evidence,' and an overly broad warrant, which describe[s] in both specific and inclusive general terms what is to be seized." *United States v. Yusuf*, 461 F.3d 374, 393 n.19 (3d Cir. 2006) (citing *United States v. Ninety–Two Thousand Four Hundred Twenty–Two Dollars & Fifty–Seven Cents*, 307 F.3d 137, 149 (3d Cir. 2002).

The Court takes judicial notice of the search warrants issued for Plaintiff's residence. (D.I. 12 at Ex. 1A). Contrary to Plaintiff's position, the warrants speak with particularity as to the place to be searched and the items to be seized including weapons and electronic devices.[3] (*See id.*). Plaintiff's position that the search was the result of "general warrant" is unavailing.

The Complaint further alleges that "officers [] conducted an unauthorized search on a locked gun safe which was not included on any of the search warrants." (D.I. 2 at 11). One of the search warrants included a litany of various firearms and weapons to search for and seize, and the search warrant application noted that Plaintiff "had and may still have access to firearms" that "should have been turned in through a protection from abuse order against him." (D.I. 12 at 19-23). "[A] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found." *United States v. Ross*, 456 U.S. 798, 820 (1982). "[A] warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found." *Id.* at 821. Moreover, places on the premises which may contain the item are not excluded "merely because

---

[3] For example, the "Criminal Contempt of a Domestic Violence Protective Order" describes the things to be searched for and seized as any firearms, replicas of firearms, knives, swords, and photos of those weapons. (D.I. 12 at 19). That is not a general warrant. The other search warrant for "Terroristic Threatening of Public Officials or Public Servants" is a broader warrant, describing the things to be searched for and seized as all electronic and media devices, documents, and photos, which would be read in conjunction with the affidavit's paragraph seven, which describes that those items would document the "conducting [of] internet searches for such purposes as locating individuals as well as to obtain names and other identifying information including photographs of family members as well as to post messages to be viewed on the internet." (D.I. 12 at 26, 30). While perhaps the warrant could have been written more clearly, it too is not a general warrant.

9

some additional act of opening may be required." *Id.* at 821 n.27. In this case, the additional opening was that of the locked gun safe.

Under *Ross*, officers were justified in searching any area within the home where weapons could be found and, conceivably, weapons could be located in a locked gun safe. Plaintiff's claim that the search of a locked gun safe was outside the scope of the search warrants fails as a matter of law. Finally, the Complaint does not indicate who allegedly conducted the search and, therefore, the claim is deficient for that reason also.

**Excessive Force.** Defendants move to dismiss an excessive force claim to the extent one is raised by Plaintiff. Defendants argue the claim is deficiently pled.

Excessive force claims arising out of an arrest are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989). As pled, the allegations do not raise an excessive force claim. For example, the Complaint fails to indicate who cuffed Plaintiff, how long he was cuffed, who Plaintiff complained to, and whether any action was taken. Therefore, the Court will grant Defendants' motion to dismiss this claim. Plaintiff will be given leave to amend this claim.

**Amendment**. Since it appears plausible that Plaintiff may be able to articulate some of his claims against at least some of Defendants, he will be given an opportunity to amend his pleading as to the unlawful search and excessive force claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). The unlawful arrest claim is dismissed with prejudice.

The Court will dismiss as moot Plaintiff's motion to amend. (D.I. 13).

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 11); and (2) dismiss as moot Plaintiff's motion to amend (D.I. 13). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.