IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK J. SHOTWELL,

    *Plaintiff*,

v.

DELAWARE DEPARTMENT OF
SAFETY AND HOMELAND
SECURITY, ET AL.,

    *Defendant*.

No. 1:18-cv-00984-SB

---

Mark J. Shotwell, Newark, Delaware.

    Pro se *Plaintiff*.

Anna Elizabeth Currier, Kenneth Lee-Kay Wan, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

    *Counsel for Defendants*.

---

**MEMORANDUM OPINION**

September 8, 2021

BIBAS, *Circuit Judge*, sitting by designation.

The Constitution gives people tools to challenge state action. But not every tool fits a job. Just as you cannot use a hammer to unclog a drain, you cannot use one Amendment to do the work of another. Because Mark Shotwell tries to do just that, I will dismiss one of his claims.

The police arrested Shotwell after he threatened an officer. And they searched his home and his electronic devices. D.I. 28, at 1–2. Shotwell sued several police officers and the Delaware Department of Safety under 42 U.S.C. § 1983. He claimed that the search was unlawful, that the police used excessive force, and that he was harmed by a state-created danger. *Id.* at 2.

This Court dismissed many of his claims, let those alleging excessive force and an unlawful search proceed, and gave him another chance to make out his state-created danger claim. *Id.* at 22. In response, Shotwell added more facts to his new complaint, refocusing his state-created danger claim on his handcuffing. Third Am. Compl. at 2–3. Now the defendants ask me to dismiss his new state-created danger claim too.

To plead a state-created danger claim here, Shotwell must allege that the police intentionally "created a danger" and that it foreseeably harmed him. *Sanford v. Stiles*, 456 F.3d 298, 304–05 (3d Cir. 2006) (per curiam). He argues that the police did just this: they created a danger when they arrested him but handcuffed him improperly, and he was harmed when they later overtightened his cuffs. Third Am. Compl. at 2–3.

2

Because I rule on a motion to dismiss, I accept all facts in the amended complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). And I read Shotwell's *pro se* pleading liberally. *Id.* Even so, he fails to state a claim. True, the police may have intentionally created a danger. Shotwell says that an officer had a vendetta against him and purposefully left his cuffs loose so he could later slam them down. D.I. 17, at 7. But the harm he suffered—pain in his wrists—resulted from excessive force during his arrest. And we must analyze such claims under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). So Shotwell's state-created danger claim, a Fourteenth Amendment claim, cannot proceed. *Id.* at 394–95; *see Brice v. City of York*, 528 F. Supp. 2d 504, 515 (M.D. Pa. 2007) ("The state-created danger claim cannot be predicated upon the force used to arrest the plaintiff.").

But Shotwell is not out of luck. He still has his excessive-force and unlawful-search claims. D.I. 28, at 22. He just cannot proceed with this state-created danger theory too, so I dismiss this claim with prejudice.