IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK J. SHOTWELL,

    *Plaintiff*,

v.

DELAWARE DEPARTMENT OF
SAFETY AND HOMELAND
SECURITY, ET AL.,

    *Defendants*.

No. 1:18-cv-984-SB

---

Mark J. Shotwell, Newark, Delaware.

    *Pro se Plaintiff*.

Kenneth Lee-Kay Wan, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

    *Counsel for Defendants*.

---

**MEMORANDUM OPINION**

April 14, 2021

---

BIBAS, *Circuit Judge*, sitting by designation.

    Civil plaintiffs have no right to court-appointed counsel. Yet lawyers are expensive. So if a plaintiff cannot afford one or master his case alone, a court may

appoint counsel. But this case is straightforward, and the plaintiff has shown that he can manage it himself. So I deny his request for a lawyer.

The police arrested Mark Shotwell, then searched his home and electronics. D.I. 28, at 1–2. Shotwell thought that the electronics search was unreasonable and that the officers handcuffed him with excessive force. *Id.* at 2. So he sued them pro se. D.I. 17. He now asks me to appoint counsel. D.I. 64.

I have broad discretion to decide whether to appoint counsel *Parkell v. Danberg*, 833 F.3d 313, 340 (3d Cir. 2016); 28 U.S.C. § 1915(e)(1). But that discretion is bounded by a two-step test. *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993).

First, I ask a threshold question. Does Shotwell's case have "some arguable merit"? *Parkell*, 833 F.3d at 340. Yes: he survived a motion to dismiss. D.I. 29; D.I. 28, at 22. His case thus "easily" passes the first step. *Powell v. Symons*, 680 F.3d 301, 308 n.5 (3d Cir. 2012).

Second, I assess "the need for appointed counsel" by balancing six factors. *Tabron*, 6 F.3d at 155–57. Here, they cut in different directions.

I start with "[p]erhaps the most significant" factor: Shotwell's ability to present his case. *Montgomery v. Pinchak*, 294 F.3d 492, 501 (3d Cir. 2002). To decide if he is up to the job, I look to his "education, literacy, prior work … and … litigation experience.". *Id.* That consideration weighs against appointing counsel. *Id.* So far, Shotwell has admirably presented his case. He has "file[d] and respond[ed] to motions," which "indicate[s] … some legal knowledge." *Id.* Plus, he has experience in court. *See, e.g.*, *Shotwell v. Del. Dep't of Justice*, 2016 WL 6901359 (D. Del. Nov. 22,

2016); *Shotwell v. Sapp*, 2019 WL 1056272 (D. Del. Mar. 6, 2019). *Cf. Montgomery*, 294 F.3d at 502 (favoring counsel when it was plaintiff's first case).

True, Shotwell cites some "mental health difficulties." D.I. 64, at 2. But there is no evidence that he is incompetent. *Cf. Powell*, 680 F.3d at 308–09 (reversing and remanding denial of counsel given evidence of incompetence). Indeed, despite his difficulties, Shotwell's "submissions demonstrate he is able to adequately present his case." *Monroe v. Bryan*, 881 F. Supp. 2d 623, 628–29 (D. Del. 2012) (denying counsel for competent plaintiff with "coherent and logical" filings).

The second factor also cuts against counsel: the legal issues are not complex. *See Tabron*, 6 F.3d at 156. Shotwell's excessive-force claim will not raise hard legal questions. *See Monroe*, 881 F. Supp. 2d at 629 (same). Nor will his unreasonable-search claim. Plus, though some digital-search cases may raise novel questions, this one does not. At its core, Shotwell's digital-search claim challenges the reasonableness of the officers' search terms. D.I. 17, at 7–8, 22; D.I. 28, at 15. And this Circuit has treated "the reasonableness of searches" as manageable for pro se litigants. *Parkell*, 833 F.3d at 341.

The third factor—the need to investigate and Shotwell's ability to manage it—is neutral. *See Tabron*, 6 F.3d at 156. On the one hand, Shotwell claims that the officers handcuffed him too tightly. D.I. 17, at 6. That needs minimal factfinding. *Cf. Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997) (favoring counsel in cases with "complex facts … that even most lawyers struggle to comprehend"). Indeed, Shotwell has capably handled discovery so far. *See, e.g.*, D.I. 63 (making 35 detailed requests for

3

documents). Still, Shotwell's unreasonable-search claim might involve technical discovery. D.I. 17, at 20–22. And that may be hard to collect and analyze.

The next factor—how much the case involves credibility—is also a wash. *Tabron*, 6 F.3d at 156. Skillful lawyering is often required to challenge witness testimony. And while the excessive-force claim may turn on witness reliability, the unreasonable-search claim likely will not. So because this case is not "*solely* a swearing contest … this factor alone does not encourage the appointment of counsel." *Parham*, 126 F.3d at 460 (emphasis added).

And the last two factors tip in Shotwell's favor. First, Shotwell's ability to get counsel is limited. *See Tabron*, 6 F.3d at 157 n.5. He cannot afford counsel and has failed to locate any volunteers. D.I. 64, at 1. Then, consider the need for experts. Shotwell's excessive-force claim probably does not need experts. Yet his digital search claim may, given its technical nature. D.I. 64, at 4. And counsel can wrangle experts better than indigent litigants can. *Montgomery*, 294 F.3d at 505.

In sum, two factors favor appointing counsel, two cut against, and two are neutral. But the "most significant" factor cuts against appointment. *Montgomery*, 294 F.3d at 501. Plus, "the pool of qualified attorneys … is a finite commodity," and I must be "discerning[]" in deciding whether to appoint counsel. *Id.* at 505 n.10.

So on balance, I do not find that Shotwell needs counsel now. *Cf. id.* at 505 (instructing that counsel is due when "*most* of the [*Tabron*] factors have been met") (emphasis added). But if that balance is upended by a material change, Shotwell may try again. I thus deny his motion without prejudice.

4