IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARK J. SHOTWELL,

    *Plaintiff,*

    v.

DELAWARE DEPARTMENT OF
SAFETY AND HOMELAND
SECURITY, ET AL.,

    *Defendants.*

No. 1:18-cv-984-SB

---

Mark J. Shotwell, Newark, Delaware.

                                                *Pro se Plaintiff.*

Andrew R. Fletcher, Joseph C. Handlon, Kenneth Lee-Kay Wan, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.

                                                *Counsel for Defendants.*

---

MEMORANDUM OPINION

August 28, 2024

BIBAS, *Circuit Judge*, sitting by designation.

    Discovery is the time to gather proof. But after discovery, Plaintiff Mark Shotwell comes up short. So I grant Defendants' motion for summary judgment.

I. BACKGROUND

Shotwell threatened a Delaware police officer on social media. The Delaware State Police responded by getting warrants, arresting Shotwell, and searching his home and electronics. D.I. 28, at 2–5. Shotwell then sued several officers and the Delaware Department of Safety under 42 U.S.C. § 1983. He says that an officer used excessive force by tightening his handcuffs during the arrest and the search was unlawful. D.I. 17, at 13. The officers assert qualified immunity and seek summary judgment. I recount the facts in the light most favorable to Shotwell, the non-moving party.

**A. Shotwell is arrested and handcuffed, and his home is searched**

The police arrested Shotwell outside his house. Sergeant Christopher Martin handcuffed him. Ordinarily, handcuffs are double-locked so they cannot be tightened later. D.I. 120-2 Ex. C, at 2; D.I. 38, at 2. But the officer only single-locked Shotwell's cuffs. Martin then left Shotwell with an unidentified officer. D.I. 17, at 4. Once the officer put him in the patrol car, Shotwell had a panic attack and asked to be given his medication or taken to a hospital. D.I. 119 Ex. B, at 11–13. 16. The officers drove him to an urgent-care facility for evaluation. *Id.* at 17.

When Shotwell got there, Martin tried to remove him from the car. D.I. 17, at 6. Shotwell objected to Martin's involvement, insisted he be kept away, and tried to move away from him. D.I. 119 Ex. B, at 33. Martin grabbed him and clamped down on his handcuffs, causing them to tighten on his wrists. *Id.* Shotwell kept complaining that the cuffs were too tight and asked the officers to loosen the cuffs, but to no avail. *Id.* at 41. After entering the urgent care, Shotwell began to scream for someone to remove the handcuffs. *Id.* An officer obliged. D.I. 17, at 6.

The handcuffs caused Shotwell extreme discomfort and left "ligature marks" that lasted two hours. D.I. 119 Ex. B, at 37. But he admits there was no further physical injury and that he did not seek medical treatment. *Id.* at 44.

Meanwhile, officers executed a search warrant to search Shotwell's home for weapons, documents, and electronics. The warrant authorized agents to seize "[a]ny and all electronic devices … and all media devices." D.I. 120-1, at 3. The accompanying affidavit identified those items as ones used for "conducting internet searches," "locating individuals," "obtain[ing] names and other identifying information," "post[ing] messages to be viewed on the internet," and "sav[ing] such internet searches as well as information obtained from [them]." *Id.* at 6. Officers seized Shotwell's computers, cell phones, and external storage media, then used digital-extraction software to retrieve his data. D.I. 84, at 28; D.I. 125 Ex. 1–4.

Shotwell sued under 42 U.S.C. § 1983, claiming that officers had violated his First and Fourth Amendment rights. D.I. 2, at 8–13. He brought his claims against the Delaware Department of Safety and Homeland Security, the Delaware State Police, and named and unnamed police officers. D.I. 17, at 2. This Court dismissed all but two of his claims. *See* D.I. 15, at 11; D.I. 28, at 22; D.I. 48, at 3. The first surviving claim alleges that Martin violated the Fourth Amendment by using excessive force to overtighten Shotwell's handcuffs. D.I. 28, at 22. The second alleges that Detective Andrew Gatti violated the Fourth Amendment by searching Shotwell's electronics beyond the warrant's scope. *Id.*

3

**B. The summary-judgment standard**

Defendants moved for summary judgment on both claims, arguing both that Shotwell has not presented enough evidence and that they deserve qualified immunity. Shotwell countered that he could prove his claims if he were able to depose the defendants. So I held a limited summary-judgment hearing to let Shotwell get Defendants' testimony.

I will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a "genuine" dispute if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And a material fact is one that "could affect the outcome." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). I consider the facts and "draw reasonable inferences in the light most favorable to" Shotwell because he opposes the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (cleaned up).

## II. MARTIN DID NOT USE EXCESSIVE FORCE BY TIGHTENING SHOTWELL'S HANDCUFFS

First, there is Shotwell's excessive-force claim. To show a Fourth Amendment violation, Shotwell must prove that a "seizure" occurred and that it was unreasonable. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (citation omitted). His arrest was undisputedly a seizure; so the only issue is whether Sergeant Martin used force reasonably. An officer's use of force is reasonable if the acts were "objectively reasonable in light of the facts and circumstances." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Handcuffing during arrest is reasonable unless there is "some indication that it was

4

done unnecessarily or excessively." *Graham-Smith v. Wilkes-Barre Police Dept.*, 739 F. App'x 727, 732 (2018).

Shotwell bears the burden of proving excessiveness, but he falls short. *Edwards v. City of Philadelphia*, 860 F.2d 568, 572–73 (3d Cir. 1988). When tight handcuffs cause only a *de minimis* injury, the handcuffing is not excessive. *Graham-Smith*, 739 F. App'x at 732. And Shotwell admits his wrist injuries were temporary and minimal, causing only redness lasting a few hours. D.I. 119 Ex. B, at 37, 44. That is much less than even "superficial lacerations," which themselves are not enough. *Id.*; *see also Stewart v. Moll*, 717 F. Supp. 2d 454, 462 (E.D. Pa. 2010) (concluding that marks from tight handcuffs were not enough physical injury to prove excessive force). Nor did Shotwell seek or get medical treatment for these minor injuries, another strike against him. *See Gilles v. Davis*, 427 F.3d 197, 208 (3d Cir. 2005). So Shotwell has not produced enough evidence to show excessive force in handcuffing. I grant summary judgment for Martin.

### III. SHOTWELL DOES NOT PROVE THAT THE SEARCH WAS UNLAWFUL

Shotwell's unreasonable-search claim fares no better. He argues that the warrant is invalid as overbroad. D.I. 121, at 2–9. This Court has already dismissed the argument and will not reconsider it. *See* D.I. 15, at 9 & n.3; D.I. 28, at 15. Though the "warrant could have been written more clearly, it [] is not a general warrant." D.I. 15, at 9 n.3. And broad searches of digital evidence are generally allowed. *See United States v. Stabile*, 633 F.3d 219, 234 (3d Cir. 2011) (explaining that broad searches and seizures are reasonable because suspects can easily disguise or conceal data across devices and within drives).

5

Shotwell also alleges that Gatti conducted searches on his data beyond the warrant's scope. D.I. 17, at 12. Shotwell contends that the warrant let the police seize his devices, but not their digital contents. D.I. 121, at 7. And Gatti, he says, extracted all his devices' data and conducted an "exploratory rummaging" of his "entire digital universe." D.I. 17, at 21. He also alleges that Gatti used "keywords" to search data irrelevant to the charges against him. *Id.* at 12.

A search can be unlawful if police officers exceed a warrant's bounds, but Shotwell wrongly conflates extraction with search. *Walter v. United States*, 447 U.S. 649, 656 (1980). Shotwell points to Gatti's name on extraction reports as proof that Gatti searched his data. D.I. 119 Ex. B, at 48. But extracting data (making a wholesale copy of it to preserve it for future searches) is different from searching it. D.I. 119, at 18. Extracting data is at most a seizure to prepare for the search. *United States v. Comprehensive Drug Testing, Inc.*, 579 F.3d 989, 995, 999 (9th Cir. 2009) (en banc); Orin S. Kerr, *Fourth Amendment Seizures of Computer Data*, 119 Yale L.J. 700, 706–09 (collecting cases), 711–13 (endorsing this approach). And the warrant authorized that seizure as well as the later search. Because there is no search until humans start looking through the data or running searches on it, Shotwell's extraction argument fails. Orin S. Kerr, *Searches and Seizures in a Digital World*, 119 Harv. L. Rev. 531, 551–53 (2005).

Even if Gatti skimmed all the extracted data, he would not have violated the scope of the warrant. The warrant impliedly authorizes searching the devices for photographs. D.I. 120-1, at 2. And because "images can be hidden in all manner of files,"

6

an investigator might have no reasonable substitute for a cursory look at all the extracted files. *Stabile*, 633 F.3d at 239. Thus, even if Gatti was the searching officer, there is no evidence that he exceeded the warrant's scope.

Attempting to raise a dispute, Shotwell confusingly claims that Gatti's search was limitless while also faulting him for using keywords. D.I. 17, at 12. But keywords are one way that courts recommend to tailor searches. *Stabile*, 633 F.3d at 239 (endorsing another circuit's recommendation to use keywords to limit searches). And contrary to Shotwell's claim, the keywords fit the charges against him. D.I. 119, at 19 n.3. He cannot show that the search exceeded the warrant's scope. So I grant summary judgment for Gatti.

\* \* \* \* \*

The Constitution protects suspects from unreasonable searches and seizures. But because Mark Shotwell has not raised a genuine dispute over the reasonableness of his handcuffing or the police's extracting his electronic data, I grant Defendants' motions for summary judgment.

7